928 F.2d 1133
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George F. CUMMINGS, Defendant-Appellant.
 No. 90-5127.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1991.
 
 On Appeal from the United States District Court for the Western District of Tennessee, 89-20121, McRae, Jr.
 W.D.Tenn.
 AFFIRMED.
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and RUBIN, District Judge.*
 PER CURIAM.
 
 
 1
 This is a criminal case in which a jury found the defendant, George Cummings, guilty of various drug-related offenses and of carrying an unregistered firearm. On appeal, Mr. Cummings contends: (1) that the prosecutor's closing remarks were prejudicial and constituted prosecutorial misconduct; (2) that the prosecution failed to establish the correct weight of the drugs involved; (3) that the affidavit accompanying the search warrant was inconsistent with testimony subsequently offered by the police; (4) that the prosecutor improperly questioned one of the Government's witnesses about the search warrant; (5) that the district court erred in admitting a postcard bearing his name and the address of the house in which he was arrested; (6) that the district court gave an erroneous instruction to the jury; (7) that the evidence adduced at trial was insufficient to support a verdict of guilty; and (8) that the district court erred in failing to grant a motion for an acquittal. Finding none of these contentions persuasive, we shall affirm the conviction.
 
 
 2
 * In April of 1989, George Cummings was named in a four-count indictment charging him with: (1) possession of 24.2 grams of cocaine base with the intent to distribute the same, in violation of 21 U.S.C. Sec. 841(a)(1); (2) possession of 12.2 grams of cocaine with the intent to distribute the same, in violation of 21 U.S.C. Sec. 841(a)(1); (3) possession and use of a firearm during a drug-related offense, in violation of 18 U.S.C. Sec. 924(c); and (4) possession of an unregistered firearm, in violation of 26 U.S.C. Secs. 5861(d) and 5871. Mr. Cummings pleaded not guilty, and the case proceeded to trial.
 
 
 3
 Mr. Cummings moved for an acquittal at the close of the government's proof. The motion was denied. A renewal of the motion was denied after the defense rested. After the jury returned a verdict of guilty on all four counts, the court sentenced Mr. Cummings to 78 months on counts one, two, and four, those sentences to run concurrently, and to a consecutive sentence of 60 months on count three. This appeal followed.
 
 II
 
 4
 Mr. Cummings argues, first, that the prosecutor's closing remarks were so prejudicial as to constitute prosecutorial misconduct. As we have repeatedly emphasized, however, a claim of this kind can only succeed if the alleged misconduct was "so pronounced and persistent that it permeate[d] the entire atmosphere of the trial." United States v. Vance, 871 F.2d 572, 577 (6th Cir.), cert. denied, 110 S.Ct. 323 (1989) (quoting United States v. Mahar, 801 F.2d 1477, 1503 (6th Cir.1986)). By themselves, "[i]nappropriate remarks by the prosecutor do not alone justify reversal of a criminal conviction in an otherwise fair proceeding[ ] as long as the jury's ability to judge the evidence fairly remains intact." United States v. Castro, 908 F.2d 85, 89 (6th Cir.1990). After careful examination of the relevant portions of the trial transcript, we cannot say that the prosecutor's comments "denied [the defendant] a fundamentally fair trial." Vance, 871 F.2d at 577.
 
 
 5
 Second, Mr. Cummings contends that the prosecution failed to establish the correct weight of the drugs involved. This argument, however, overlooks the following stipulation:
 
 
 6
 "Exhibit No. 3, both the rocks and the powder[,] have been submitted to a qualified forensic toxicology [sic] at the University of Tennessee Toxicology Laboratory, have been examined by that toxicology lab, and that toxicologist, if called to testify, would testify that the rock like substance that is a part of Exhibit 3 is cocaine base in the amount of 24.2 grams and the powder substance is cocaine powder or cocaine hydrochloride in the amount of 12.2 grams." (Emphasis supplied.)
 
 
 7
 Because Mr. Cummings stipulated that the drugs weighed exactly what the Government had claimed they weighed, he may not reverse his field on appeal. See United States v. Sloman, 909 F.2d 176, 182 (6th Cir.1990).
 
 
 8
 Third, the defendant maintains that the affidavit which accompanied the search warrant was inconsistent with testimony subsequently offered by the police. We disagree. The affidavit stated in pertinent part:
 
 
 9
 "On April 15, 1989[,] the affiants talked with a reliable informer of Memphis, Shelby County, Tennessee, who has given the affiants other information in the past which has been found to be true and correct and which has resulted in a drug seizure. This reliable informer stated within the past five (5) days of April 15, 1989, this reliable informer has been in the above described residence and has seen the above described person ['MB, known as George, approx. 6'5", approx. 280 lbs., approx. 33 YOA'] selling cocaine inside his residence."
 
 
 10
 The allegedly inconsistent testimony was offered by Officer Fred Hughes at Mr. Cummings' detention hearing:
 
 
 11
 "Q. And why was Mr. Cummings arrested?
 
 
 12
 A. Mr. Cummings was arrested because we executed a warrant which named Mr. Cummings as the individual in the search warrant.
 
 
 13
 Q. Why was Mr. Cummings named?
 
 
 14
 A. Because we had sent an informant in who had made a PC buy from Mr. Cummings.
 
 
 15
 Q. Who was that informant?
 
 
 16
 MR. DISCENZA: If your Honor, please, I am going to object to that.
 
 
 17
 Q. You say someone had claimed that they made a buy from Mr. Cummings at that address?
 
 
 18
 A. We sent an individual in to make a buy from Mr. Cummings at that address."
 
 
 19
 We see no contradiction between the affidavit and Officer Hughes' testimony. It is true that the affidavit failed to state that the informant was also the one to whom Mr. Cummings sold the cocaine, but this omission is hardly the sort of "deliberate falsehood or ... reckless disregard for the truth" of which the Supreme Court spoke in Franks v. Delaware, 438 U.S. 154, 171 (1978). Accordingly, the defendant's argument on this point cannot be sustained.
 
 
 20
 Fourth, Mr. Cummings alleges that the prosecutor improperly questioned one of the Government's witnesses about the search warrant. This argument is without merit because the one question to which Mr. Cummings objects was withdrawn before it was answered. At most, the question represented harmless error. See Fed.R.Crim.P. 52(a).
 
 
 21
 Fifth, the defendant maintains that the district court erred in admitting a postcard bearing his name and the address of the house in which he was arrested. Because it is well settled that a trial judge's evidentiary rulings will not be reversed absent a clear showing of abuse of discretion, United States v. Hickey, 917 F.2d 901, 904 (6th Cir.1990), and because Mr. Cummings has offered no explanation of why the admission of the postcard constitutes such an abuse, we decline to reverse the trial court's judgment on this ground.
 
 
 22
 Sixth, Mr. Cummings alleges that the district court gave an erroneous instruction to the jury regarding Count Three of the indictment. No contemporaneous objection was raised at trial, so we may not reverse the district court's judgment absent a showing of plain error. United States v. Busacca, 863 F.2d 433, 435 (6th Cir.1988), cert. denied, 490 U.S. 1005 (1989). We have consistently held, moreover, that "[t]he trial court is 'vested with broad discretion in formulating its charge and will not be reversed unless the charge fails accurately to reflect the law.' " Id. (quoting United States v. Pruitt, 763 F.2d 1256, 1261 (11th Cir.1985), cert. denied, 474 U.S. 1084 (1986)). Our review of the instructions given in this case reveals neither plain error nor an abuse of discretion.
 
 
 23
 Seventh, the defendant argues that the evidence adduced at trial was insufficient to sustain his convictions. Such a claim can only succeed if, "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Martin, 897 F.2d 1368, 1373 (6th Cir.1990) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). With regard to circumstantial evidence, furthermore, "the established rule of this circuit is that a finding of guilt may be based on circumstantial evidence which does not 'remove every reasonable hypothesis except that of guilt.' " United States v. Van Hee, 531 F.2d 352, 358 (6th Cir.1976) (quoting United States v. Dye, 508 F.2d 1226, 1231 (6th Cir.1974), cert. denied, 420 U.S. 974 (1975)).
 
 
 24
 In the case at bar, the testimony offered at trial showed, among other things, that when Officer Hughes entered the defendant's house in plain clothes and asked Mr. Cummings to sell him a "rock" of cocaine, Mr. Cummings responded that he was "not doing anything right now"; that the other individuals discovered in the house did not live there but had just dropped by; that when the police officers entered the house, Mr. Cummings was sitting on a couch with a shotgun propped up next to him; that the drugs were hidden in the couch upon which Mr. Cummings was sitting; that the drugs were packaged for resale; that as soon as uniformed police officers entered the house, Mr. Cummings moved toward the shotgun; and that once Mr. Cummings was subdued, $621 in small denominations was discovered on his person. Viewing this evidence in the light most favorable to the prosecution, a rational jury could easily find that the defendant was guilty of the crimes charged in the indictment.
 
 
 25
 Mr. Cummings maintains, finally, that the district court erred in failing to grant his motion for an acquittal. Because this question is judged by the same standard used to weigh the sufficiency of the evidence, see United States v. Cordell, No. 90-3011, slip op. at 7 (6th Cir. January 30, 1991), and because the evidence adduced at trial was clearly sufficient to sustain his convictions, the district court did not err when it denied the defendant's motion for an acquittal.
 
 
 26
 AFFIRMED.
 
 
 
 *
 The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation