991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George F. CUMMINGS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-6431.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1993.
 
 1
 Before NORRIS and SILER, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment dismissing his motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. He requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, George F. Cummings was convicted of possession with intent to distribute cocaine and cocaine base, use of a firearm in relation to a drug trafficking crime, and possession of an unregistered firearm. He was sentenced to serve an aggregate term of 78 months imprisonment on three of the convictions and a consecutive term of 60 months on the use of a firearm conviction. He was also sentenced to serve four years supervised release and to pay a $200.00 special assessment. The convictions were affirmed on appeal. United States v. Cummings, No. 90-5127 (6th Cir. Mar. 26), cert. denied, 112 S.Ct. 160 and 247 (1991).
 
 
 4
 In support of his motion to vacate sentence, Cummings maintained that he was denied the effective assistance of counsel. He alleged that counsel did not seek suppression of illegally gained evidence and did not subpoena key witnesses. He further claimed that the conviction and sentence for use of a firearm in relation to a drug trafficking offense deprived him equal protection.
 
 
 5
 The district court determined that the grounds asserted by Cummings lacked merit. The motion to vacate sentence was denied. This appeal followed.
 
 
 6
 Upon review, we conclude that the motion to vacate was properly denied. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 7
 To succeed on a claim of ineffective assistance of counsel, Cummings must show that counsel's performance was deficient and a reasonable probability that, but for the deficiency, the outcome would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, a petitioner must prove that his claim is meritorious in order to demonstrate actual prejudice. Laaman v. United States, 973 F.2d 107, 113 (2d Cir.1992). Cummings did not meet this standard.
 
 
 8
 Cummings maintained that counsel should have challenged the sufficiency of the search warrant based on apparent inconsistencies between trial testimony and the affidavit in support of the search warrant. It was determined on direct appeal that the inconsistencies did not rise to the level of deliberate falsehoods or a reckless disregard for the truth that would entitle Cummings to an evidentiary hearing. Cf. Franks v. Delaware, 438 U.S. 154, 171 (1978). It is settled that a § 2255 motion cannot be employed to relitigate a question which was raised and considered on direct appeal absent exceptional circumstances such as an intervening change in the law. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam). Cummings presents no compelling reason for rehearing on his claim. Because Cummings's challenge to the search warrant is unavailing, he is unable to demonstrate prejudice resulting from counsel's failure to challenge the sufficiency of the warrant through a motion to suppress.
 
 
 9
 Additionally, Cummings's allegations are insufficient to demonstrate that counsel's performance was inadequate. The decision to seek suppression of evidence, or not, is tactical and is entitled to deference. See Strickland, 466 U.S. at 689. Importantly, Cummings failed to explain how counsel could have anticipated the apparent inconsistencies between the affidavit supporting the search warrant and testimony at trial. The claim of ineffective assistance of counsel, based on counsel's failure to seek suppression of evidence, was properly dismissed.
 
 
 10
 Cummings argues next that he was denied an opportunity to develop his arguments in the district court because the district court ruled on his motion to vacate sentence without first submitting the matter to a magistrate judge for a report and recommendation. His argument is meritless. The decision to submit a matter for review by the magistrate judge is wholly within the discretion of the district court. See 28 U.S.C. § 636(b)(1)(B).
 
 
 11
 Cummings has abandoned his remaining claims. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 12
 Accordingly, the request for appointment of counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation