33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George F. CUMMINGS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5112.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1994.
 
 Before: GUY and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 George F. Cummings, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, a jury convicted Cummings of possessing cocaine base with the intent to distribute, for carrying and using a firearm in relation to a drug trafficking offense, and for possessing an unregistered sawed-off shotgun. Cummings was sentenced to one hundred thirty-eight months of imprisonment and four years of supervised release. This court affirmed the conviction on direct appeal. United States v. Cummings, No. 90-5127, 1991 WL 41552, at * 3-4, 1991 U.S.App. LEXIS 5366, at * 9 (6th Cir. Mar. 26, 1991) (per curiam), cert. denied, 112 S.Ct. 160 and 247 (1991).
 
 
 3
 In 1992, Cummings filed a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255 contending that his attorney was ineffective for failing to file a suppression motion based on the inadequacy of the search warrant and for failing to subpoena key witnesses. Cummings further claimed that his conviction and sentence for the use of a firearm in relation to a drug trafficking offense deprived him of his equal protection rights. The district court denied the motion and this court affirmed. Cummings v. United States, No. 92-6431, 1993 WL 96864, at * 2, 1993 U.S.App. LEXIS 7662, at * 5 (6th Cir. Apr. 1, 1993) (order). At the same time he filed his motion to vacate, Cummings filed a civil rights action pursuant to 42 U.S.C. Sec. 1983 contending that the judge's signature on the search warrant was forged. The district court dismissed the complaint. This court dismissed Cummings's appeal for failure to pay the requisite filing fee.
 
 
 4
 In 1993, Cummings filed his current motion to vacate contending that his attorney was ineffective for failing to challenge the validity of the search warrant and that the district court lacked jurisdiction to impose his sentence because the judge's signature on the search warrant was forged. The district court denied the motion as meritless. Cummings filed a timely motion for reconsideration which was also denied.
 
 
 5
 In this appeal, Cummings continues to argue the same issues that he presented to the district court. He also argues that the district court erred in dismissing his petition as successive and by not conducting a hearing on his motion. Cummings has moved for the appointment of counsel.
 
 
 6
 To prevail under 28 U.S.C. Sec. 2255, a petitioner must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Although the district court properly dismissed Cummings's motion, we affirm the district court's judgment for reasons other than those stated by the district court with regards to Cummings's jurisdiction argument. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 7
 In his prior motion to vacate, Cummings argued that his counsel was ineffective for failing to challenge the search warrant. In his current motion, Cummings again argues that his attorney was ineffective for the very same reason. Therefore, the argument is successive. See Sanders v. United States, 373 U.S. 1, 15 (1963).
 
 
 8
 Cummings contends that because the judge's signature on the search warrant was allegedly forged, the district court lacked jurisdiction to sentence him. Cummings did not raise this issue in his prior motion to vacate and has not explained why he failed to raise the issue in his prior motion despite having information regarding the alleged forgery at the time the first motion to vacate was filed. Because Cummings did not raise his jurisdiction argument in his prior motion to vacate, this issue constitutes an abuse of Sec. 2255. See Rule 9(b), Rules Governing Section 2255 Proceedings in the United States District Courts; cf. McCleskey v. Zant, 499 U.S. 467, 488-91 (1991). Further, Cummings makes no claim of factual innocence to excuse the abuse under Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 9
 Finally, the district court was not required to conduct an evidentiary hearing on Cummings's motion to vacate. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); Bryan v. United States, 721 F.2d 572, 577 (6th Cir.1983), cert. denied, 465 U.S. 1038 (1984).
 
 
 10
 Accordingly, we deny the motion for the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.