89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. MOREHOUSE, Petitioner-Appellant,
v.
William DALLMAN, Warden, Respondent-Appellee.
 No. 95-3787.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1996.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio state prisoner appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 William E. Morehouse pleaded guilty to felonious assault with a firearm specification. The trial court sentenced Morehouse to 6-15 years in prison for the felonious assault to be served consecutively to a 3 year sentence on the firearm specification. The state court of appeals affirmed the conviction and the Ohio Supreme Court denied Morehouse relief. In his petition for habeas corpus relief, Morehouse claimed that: 1) the trial court abused its discretion and denied him due process of law, equal protection, a fair trial, and the effective assistance of counsel by refusing to grant his motion for a continuance; and 2) his conviction was obtained by an induced and coerced plea bargain that was subsequently breached by the trial court. Morehouse has exhausted his available state court remedies.
 
 
 4
 Upon consideration of Morehouse's petition for a writ of habeas corpus, respondent's return of writ, Morehouse's traverse, and the parties' exhibits, the district court denied Morehouse's habeas corpus petition.
 
 
 5
 In his timely appeal, Morehouse essentially reasserts the claims he set forth in the district court. He also argues on appeal that the district court erred by not submitting the case to a magistrate judge and by affording a presumption of correctness to the findings of fact of the state court of appeals.
 
 
 6
 The district court properly denied habeas corpus relief because Morehouse did not demonstrate that he received a fundamentally unfair proceeding resulting in his unjust confinement. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). The court renders de novo review of rulings denying habeas relief. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994). Morehouse's allegations of error expressed on appeal are likewise meritless. The decision to submit a matter for review by a magistrate judge is wholly within the discretion of the district court pursuant to 28 U.S.C. § 636(b)(1)(B). Cummings v. United States, 991 F.2d 794, 1993 WL 96864, at * 1 (6th Cir.1993). And pursuant to 28 U.S.C. § 2254(d) the district court did not err in applying a presumption of correctness to the state court's factual findings because Morehouse has not carried his burden of showing that the state court's factual findings were erroneous. Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam).
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion and order dated July 11, 1995.
 
 
 
 *
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation