KAREN NELSON MOORE, Circuit Judge,
concurring in judgment.
While I agree with the majority that the validity of the search should be upheld, I conclude that the proper ground for doing so is the good-faith exception. See United States v. Leon, 468 U.S. 897, 913, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Because this Circuit has previously upheld a similar affidavit as sufficient to satisfy probable cause, I cannot conclude that the officer’s reliance on the magistrate’s issuance of the warrant was unreasonable. See United States v. Finch, 998 F.2d 349, 352 (6th Cir.1993).[1] However, the majority’s opinion does not constitute an open invitation to continue blind reliance on warrants of this nature. The inadequacies of the present warrant have been recognized both by counsel for the United States and by the majority. Such recognition provides notice that continued reliance on similar warrants, based on form affidavits with little to no particularized detail, may in the future result in inadmissible evidence without the backstop of the good-faith exception.
Elcardo Moore rightly identified that the affidavit before this court is essentially a form affidavit widely used in Shelby County, Tennessee. The affidavit principally premises probable cause on a tip from a confidential informant unnamed in the affidavit. Prior to the en banc decision in United States v. Allen, 211 F.3d 970 (6th Cir.2000), this Circuit upheld iterations of this form affidavit on a number of occasions. See, e.g., Finch, 998 F.2d at 352; United States v. Cummings, No. 90-5127, 1991 WL 41552, at *1-*2 (6th Cir.1991) (unpublished); United States v. Chalmers, No. 89-5925, 1990 WL 66817, at *2 (6th Cir.1990) (unpublished). However, the form affidavit’s repeated use— with minimal to no unique detail and no further explanation under oath to the issuing magistrate — has persisted to the point of constitutional concern. Moreover, the iteration of the affidavit before this court provides even sparser grounds for probable cause than its predecessors.
The affidavit in this case purports to establish probable cause based on an uncorroborated tip from an unnamed informant without the affiant even attesting to personal knowledge of the confidential informant’s past reliability. R. 29 (Search Warrant at 3); cf. Finch, 998 F.2d at 352. This Circuit has recognized that an affiant’s personal knowledge of an informant’s reliability is important to the probable-cause determination. See United States v. Hammond, 351 F.3d 765, 772 (6th Cir.2003) (finding probable cause lacking with respect to informant tip where detective “did not state how long [police officer] knew [informant], or if [police officer], himself, knew [informant]”). Thus, when an affiant has no personal knowledge of a confidential informant’s past reliability, there generally must be other indicia of reliability, such as independent corroboration, to support a finding of probable cause. See, e.g., United States v. Jackson, 470 F.3d 299, 308 (6th Cir.2006) (finding that “although details concerning the infor *316 mant’s reliability gleaned from past encounters are lacking” there was a sufficient basis for probable cause “based on the affiant’s personal knowledge and observations” and independent corroboration of a controlled buy).
As this Circuit has recognized, “[o]ur post-Allen confidential informant cases”[2] have “demanded] that an affidavit demonstrate more than simply blind faith in the words of an affiant who claims his unnamed informant is reliable.” United States v. Ferguson, 252 Fed.Appx. 714, 721 (6th Cir.2007) (unpublished); see also United States v. May, 399 F.3d 817, 823 (6th Cir.2005) (“An informant’s tip is considered to have greater reliability, and therefore to be more supportive of a finding of probable cause, if the affidavit avers that the name of the confidential informant has been disclosed to the issuing judge.”). Thus, when the identity of the informant has not been disclosed in the affidavit or to the magistrate, other indicia of reliability beyond the affiant’s personal knowledge of past reliability — such as corroboration or a substantially detailed description of the alleged conduct — have also generally been required. See, e.g., United States v. Rodriguez-Suazo, 346 F.3d 637, 646 (6th Cir.2003) (upholding probable cause when informant’s reliability was based on three prior tips leading to arrest and conviction, informant provided detailed reports of criminal wrongdoing, and police conducted minimum corroboration); United States v. Williams, 224 F.3d 530, 531, 533 (6th Cir.2000) (upholding probable cause when police officer explained to judge additional steps taken to corroborate unidentified informant’s tip through surveillance).
Though not disclosed in the supporting affidavit or to the magistrate, the officer in this case did in fact take independent steps to corroborate the informant’s tip. Though we do not know why the officer did not include this information in the affidavit, the fact that he failed to do so is not inconsequential. In fact, it may suggest that a practice of blind reliance on form affidavits, which reviewing magistrates “rubber stamp,” has developed in Shelby County and that police officers have become lackadaisical in the important task of ensuring that all warrants contain sufficiently particularized facts to support a finding of probable cause. That the magistrate in this instance issued the warrant without asking the police officer a single question lends further support to this inference.
The deficiencies identified here are easily remedied without imposing any hardship on law enforcement. As the en banc opinion in Allen recognized, the fact that an affidavit contains some “boilerplate” language is not per se problematic so long as the affidavit also contains sufficient “specificity” to satisfy probable cause. Allen, 211 F.3d at 975. “The Fourth Amendment does not require an officer to reinvent the wheel with each search warrant application.” United States v. Weaver, 99 F.3d 1372, 1381 (6th Cir.1996). However, the Fourth Amendment does require that officers provide sufficiently specific facts to support a particularized showing of probable cause. If this is not done within the four corners of the affidavit, then the officer must do so orally under oath to the issuing magistrate. United States v. Hang *317 Le-Thy Tran, 483 F.3d 472, 482 (6th Cir.2006) (“The Fourth Amendment does not require that the basis for probable cause be established in a written affidavit; it merely requires that the information be given by ‘Oath or affirmation’ before a judicial officer.”) (quoting U.S. Const. Amend. IV). The practice of skirting this constitutional requirement in Shelby County is unacceptable and unsustainable. Should officers wish to continue relying in good faith on issued warrants, they must conform their conduct to the Fourth Amendment’s requirements.
Accordingly, I concur in the judgment.

. Indeed, a recent panel of this Circuit reached the same result, though for slightly different reasons. See United States v. McCraven, 401 F.3d 693, 695, 698 (6th Cir.2005) (upholding similar affidavit under the good-faith exception).

. Allen does not control the outcome in this case because its holding was expressly limited to "an affidavit based upon personal observation of criminal activity by a confidential informant who has been named to the magistrate and who, as the affidavit avers, has provided reliable information to the police in the past about criminal activity....” Allen, 211 F.3d at 971 (emphasis added). It is undisputed that the informant in this case was neither named in the affidavit nor disclosed to the magistrate.