No. 04-1285
File Name: 05a0517n.06
Filed: June 17, 2005

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| OMAR SHARIF HENDERSON, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before:     **NELSON** and **BATCHELDER**, Circuit Judges, and **O'MALLEY**, District
Judge.[*]

**DAVID A. NELSON**, Circuit Judge.  This is an appeal from a sentence imposed after

the defendant pleaded guilty to drug and firearms charges.  The defendant contends, among

other things, that the government reneged on a promise to request a reduced sentence in

exchange for assistance in other investigations and prosecutions.

The argument will be rejected.  It is at odds with the text of the defendant's plea

agreement, which gives the government sole discretion to decide whether to move for a

sentence reduction.  The government's exercise of its discretion is reviewable only for

---

[*]The Honorable Kathleen M. O'Malley, United States District Judge for the Northern
District of Ohio, sitting by designation.

reliance on unconstitutional considerations, and the defendant has not alleged that such considerations were relied upon here.

The defendant also argues that he must be resentenced under *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). This argument has two branches.

First, the defendant maintains that the district court violated his Sixth Amendment right to a jury trial by enhancing his sentence on the basis of facts that were not found by a jury. We are inclined to think that the defendant waived this branch of his *Booker* argument by agreeing not to challenge the constitutionality of the United States Sentencing Guidelines. In any event, the defendant admitted all of the facts that were used to enhance his sentence, and *Booker* does not require jury findings as to admitted facts.

Second, the defendant contends that the district court failed to recognize its authority, in the absence of a government motion for a downward departure, to impose a sentence below the range established by the sentencing guidelines. It is now plain, in light of *Booker*, that the court erred in regarding the guidelines as mandatory. It is doubtful that the error was prejudicial, given that (1) only one month separated the bottom of the defendant's guideline range from a statutory minimum sentence, and (2) the district court imposed the maximum sentence available under the plea agreement. Nevertheless, because we cannot be sure that the court would have imposed the same sentence had it appreciated the full scope of its discretion, we shall remand the case for resentencing.

I

A federal grand jury indicted the defendant, Omar Sharif Henderson, on charges of conspiracy to distribute cocaine, possession of cocaine with the intent to distribute it (three counts), possession of stolen firearms (two counts), and receipt of firearms by a person under indictment. Mr. Henderson and the government entered into a plea bargain under which Henderson agreed to plead guilty to the cocaine and receipt-of-firearms charges and the government agreed to dismiss the possession-of-stolen-firearms charges. The government also agreed that Henderson's sentence should not exceed the midpoint of the sentence range determined under the United States Sentencing Guidelines.

The plea agreement contained a stipulation as to the offense conduct, including the amount of cocaine involved in Mr. Henderson's drug offenses. The agreement also incorporated stipulations as to each of the factors that the parties believed would affect Mr. Henderson's sentence under the guidelines. Through those stipulations, Mr. Henderson admitted (among other things) that his offenses involved 2,903.35 kilograms of marijuana equivalent, that he had previously been convicted of a firearm offense in state court, and that he committed the instant offenses while under a prior sentence.

The plea agreement also contained provisions obligating Mr. Henderson to assist the government in other criminal investigations and prosecutions by providing truthful information and testimony. The government agreed to seek a reduction in Mr. Henderson's

sentence if it determined, in its sole discretion, that Henderson had provided substantial assistance.

Finally, the agreement contained a waiver of Mr. Henderson's right to challenge on appeal (or in any collateral proceeding) "the constitutionality or legality of any part of the sentencing guidelines" and "the accuracy of any factor or guideline calculation stipulated to in this agreement . . . ."

On the day before Mr. Henderson's sentencing, the government advised the district court and the defendant that it would not seek a sentence reduction for substantial assistance. At the hearing itself, the government explained that it believed Mr. Henderson had been selective in his disclosures and had "organiz[ed] harassment" of other cooperating persons. Mr. Henderson disputed these allegations, but the district court concluded that it had no reason to resolve the factual dispute because the decision whether to seek a sentence reduction was committed to the government's discretion. In the absence of a motion by the government, the court said, it had no basis on which to depart from the guideline sentence range.

The district court sentenced Mr. Henderson to a term of 136 months, the midpoint of the guideline range of 121 to 151 months and the longest sentence permitted under the plea agreement. This appeal followed.

II

Relying on *United States v. Benjamin*, 138 F.3d 1069 (6th Cir. 1998), Mr. Henderson argues that the government was required to move for a sentence reduction because it did not prove that he had failed to provide substantial assistance. At the very least, argues Henderson, the district court should have held an evidentiary hearing on the question of substantial assistance. These arguments fail because they disregard the language of the plea agreement.

*Benjamin* stands for the proposition that the government may not "decline to fulfill its obligations under a plea agreement" unless it "establish[es] the defendant's breach [of the agreement] by a preponderance of the evidence." *Id.* at 1074. But the plea agreement in the present case stated that "[i]t is exclusively within the government's discretion to determine whether defendant has provided substantial assistance" and that a motion for a sentence reduction is required only "[u]pon the government's determination that defendant's cooperation amounts to substantial assistance . . . ." No such determination was made by the government.

*Benjamin* distinguished plea agreements like Mr. Henderson's, where the government "reserves discretion to determine whether [a] motion [for a sentence reduction] is appropriate," from plea agreements where the government "bargain[s] away its discretion and simply promise[s] to make the . . . motion." *Id.* at 1073-74. It is the latter type of agreement that obligates the government to seek a reduced sentence unless it can satisfy the district

court that the defendant breached the agreement. With an agreement of the former type, the government's decision not to move for a reduction is reviewable only "to determine whether the refusal is based on unconstitutional considerations, such as the defendant's race." *Id.* at 1073 (citing *Wade v. United States*, 504 U.S. 181, 185-86 (1992)); see *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000) ("[W]hen a plea agreement allocates complete discretion to the government to consider whether a substantial assistance motion should be filed, we may only review the government's decision for unconstitutional motives").

Mr. Henderson has never alleged that any unconstitutional consideration motivated the government's decision not to seek a reduction in his sentence. The district court did not err, therefore, in declining to review the government's decision. See *Moore*, 225 F.3d at 641. No evidentiary hearing was necessary because no genuine issue was raised as to the government's motives.

Mr. Henderson suggests that the plea agreement was illusory if the government was not obligated to request a reduced sentence. We disagree. The government made meaningful concessions in exchange for Henderson's promise to plead guilty: it promised to dismiss two firearms charges, and it agreed that an appropriate sentence would not exceed the midpoint of the guideline range. The government's agreement to a "midpoint cap" was binding on the district court. See Fed. R. Crim. P. 11(c)(1)(C). We are satisfied that there was adequate consideration for Mr. Henderson's guilty plea.

III

Relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), Mr. Henderson argues that the district court unconstitutionally enhanced his sentence on the basis of facts that were not found by a jury. In an amended brief filed after the Supreme Court decided *Booker*, Mr. Henderson argues further that the district court failed to recognize its authority to depart from the guideline sentence range *sua sponte* on the basis of substantial assistance. We shall address these arguments in turn.

A

The first argument was probably waived by Mr. Henderson's agreement "not to appeal or otherwise challenge . . . the constitutionality or legality of any part of the sentencing guidelines." The argument rests on *Booker*'s holding that the Sixth Amendment forbids judicial determination of "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict . . . ." *Booker*, 125 S. Ct. at 756. By invoking *Booker*'s constitutional holding, it seems to us, Mr. Henderson is challenging the constitutionality of the federal sentencing guidelines. That is exactly what he promised not to do. Such a promise is enforceable. See *United States v. Bradley*, 400 F.3d 459, 463-66 (6th Cir. 2005).

Waiver aside, however, Mr. Henderson's Sixth Amendment argument is without merit. The facts that Henderson says should not have been used to enhance his sentence are

(1) that he had a prior conviction, (2) that he committed the instant offenses while on probation, and (3) that his offenses involved the equivalent of 2,911.15 kilograms of marijuana. But prior convictions are expressly excluded from the rule of *Booker*, *Blakely*, and *Apprendi*. See *Booker*, 125 S. Ct. at 756. Moreover, the plea agreement contained an admission of each of the facts used to increase his sentence.[1] Even under a mandatory sentencing scheme, agreed-upon facts need not be found by a jury. See *id.*; *Bradley*, 400 F.3d at 462 ("The Sixth Amendment does not apply to agreed-upon facts . . . ."). Accordingly, the district court's enhancement of Henderson's sentence on the strength of the agreed facts did not violate the Sixth Amendment under *Booker*.

B

The *Booker* Court undertook to remedy what was held to be an inherent constitutional defect in the sentencing guidelines by excising the statutory provisions that made the guidelines mandatory. See *Booker*, 125 S. Ct. at 764. As a result, the guidelines are now advisory: sentencing courts must consider the guidelines but are "not bound" by them. *Id.* at 767. *Booker*'s remedial holding was made applicable to all cases pending on direct review at the time of the Court's decision, see *id.* at 769, and this is such a case.

---

[1]The drug quantity admitted by Mr. Henderson in the plea agreement differed slightly from the quantity calculated in the presentence report that was relied upon by the district court at sentencing. The difference was not material to the determination of Henderson's guideline sentence range.

The district court, having no reason to anticipate *Booker*'s revision of the statute, operated under the assumption that the guidelines were mandatory. Accordingly, it did not consider whether a downward departure on the basis of substantial assistance might be appropriate in the absence of a government motion. Mr. Henderson contends that the district court's failure to appreciate the scope of its discretion constitutes plain error. (The "plain error" standard applies here because Mr. Henderson did not object to the district court's treating the guidelines as compulsory.) Because it rests on *Booker*'s revision of the statute, rather than on the holding that the guidelines were unconstitutional as enacted by Congress, this argument was not waived by Mr. Henderson's agreement not to challenge the constitutionality of the sentencing guidelines.

In the light of *Booker*, the district court plainly erred by failing to recognize that it could impose a sentence below the lower limit of the guideline range. See *Johnson v. United States*, 520 U.S. 461, 468 (1997) (holding that an error is "plain" if it is clearly contrary to the law at the time of appellate consideration). But a plain error may be corrected on appeal only if it affected the defendant's substantial rights and if it seriously affected the fairness, integrity, or public reputation of the proceedings. See *United States v. Cotton*, 535 U.S. 625, 631-32 (2002).

It is unlikely, we think, that the district court's error affected Mr. Henderson's substantial rights and the integrity of his sentencing. Henderson faced a statutory minimum of imprisonment for a term of 120 months, see 21 U.S.C. § 841(b)(1)(a)(iii), and *Booker* did

not authorize the district court to impose a sentence below the statutory minimum in the absence of a government motion. Even if it had appreciated the scope of its discretion, therefore, the district court could not have departed more than one month below the low point of the guideline range. Given that the court imposed the maximum sentence authorized by the plea agreement, see Fed. R. Crim. P. 11(c)(1)(C), it is perhaps unlikely that the court would have sentenced Mr. Henderson more leniently had it understood 120 months, rather than 121 months, to be the lowest available sentence.

That said, we cannot be certain that the district court would have imposed the same 136-month sentence had the court anticipated *Booker*. We believe, therefore, that the appropriate course is to remand the case for reconsideration of Mr. Henderson's sentence. See *United States v. McCraven*, 401 F.3d 693, 700 & n.1 (6th Cir. 2005).

Mr. Henderson's sentence is **VACATED**, and the case is **REMANDED** for resentencing.