COOK, Circuit Judge.
William H. Braden appeals the district court’s denial of his motion to suppress. We affirm.
I
Kentucky State Trooper Shane Goodall, responding to an early-morning domestic-disturbance call at Sarah and Charles Lilly’s home, found the' couple under the influence of drugs. Sarah Lilly claimed people lurked under the house; Charles Lilly heard noises, saw the floorboards moving, and thought armed men were pulling a freezer out from under the house.
Confirming Goodall’s suspicion, the couple admitted to smoking crystal methamphetamine that morning. Sarah Lilly showed Goodall her remaining one gram and revealed her source: Michael Hugley gave her the drugs, she said, for cleaning his trailer. She also told Goodall that she saw other drugs and weapons in that trailer. When asked the location of the trailer, Lilly could not give the trooper directions, but she knew the street was Reeves Branch Road. When Goodall drove her to Reeves Branch Road, she visually identified the trailer.
With this information, Goodall sought a search warrant through an affidavit with the following description of his investigation:
Upon arrival to scene, both subjects appeared to be under the influence of illegal drugs. Upon investigation by affiant, Charles and Sarah Lilly admitted to smoking meth prior to affiant’s arrival. While talking to Sarah Lilly, she showed affiant where she kept the meth and used drug paraphernalia. Sarah Lilly stated the meth was given to her for cleaning a trailer for Michael Hugley. Sarah Lilly also advised affiant that she had seen multiple weapons that she thought to be stolen and also seen a large amount of illegal drugs. Sarah Lilly visually identified the residence as which was described to affiant.
The affidavit went on to describe the location to be searched as follows:
Traveling from Route 2, approximately 7 miles on U.S. 60 West of Olive Hill, Kentucky. Turn right, onto Reeves Branch, Olive Hill, KY, traveling approximately 4/10 of a mile, situated on the right side of roadway more specifically as follows: A mobile home white/ brown in color, red well box in front yard, small wood front porch, brown wood one car garage situated to the right of mobile home, having a mailbox with the words “Howdy Damn It” and green address sign “440” on mailbox post. Also green/white mobile home situated behind above-mentioned mobile home. And all structures and out buildings situated on said property.
The search of the trailer, which Braden occupied (though Sarah Lilly named Hugley as the occupant), produced eighteen grams of crystal methamphetamine and *702 thirteen firearms. Braden challenges on several grounds the denial of his suppression motion.
II
Braden first asserts error in the district court’s failure to conduct a Franks hearing before denying his suppression motion to examine whether Goodall concealed from the magistrate the severity of Sarah Lilly’s intoxication. In Franks v. Delaware, 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court emphasized the long-standing “presumption of validity with respect to the affidavit supporting [a] search warrant.” The Court explained, however, that a criminal defendant could challenge the legitimacy of a search under certain circumstances by attacking the truthfulness of the allegations made in the affidavit supporting the warrant application. Id. Franks directs “a court considering whether to suppress evidence based on an allegation that the underlying affidavit contained false statements [to] apply a two-part test: (1) whether the defendant has proven by a preponderance of the evidence that the affidavit contains deliberately or recklessly false statements and (2) whether the affidavit, without the false statements, provides the requisite probable cause to sustain the warrant.” United States v. Charles, 138 F.3d 257, 263 (6th Cir.1998). Carrying this burden entitles the defendant to a hearing to determine if a preponderance of the evidence supports the allegations of lack of truthfulness. Franks, 438 U.S. at 171-72, 98 S.Ct. 2674.
Though Goodall’s affidavit includes no allegedly false statements, courts read Franks as targeting alleged omissions of information from affidavits as well. Mays v. City of Dayton, 134 F.3d 809, 815 (6th Cir.1998). But consistent with the Franks presumption of validity, “affidavits with potentially material omissions, while not immune from Franks inquiry, are much less likely to merit a Franks hearing than are affidavits including allegedly false statements.” Id. (citing United States v. Atkin, 107 F.3d 1213, 1217 (6th Cir.1997)). Without “a strong preliminary showing that the affiant with an intention to mislead excluded critical information from the affidavit, ... Franks is inapplicable to the omission of disputed facts.” Id. at 816.
Here, in the absence of a strong preliminary showing that Goodall omitted the extent of Lilly’s intoxication “with an intention to mislead,” the district court properly denied the hearing request. Id. Though lacking rich detail about Sarah Lilly’s mental state, the trooper’s affidavit reporting that Lilly “appeared to be under the influence of illegal drugs ... and admitted to smoking meth prior to affiant’s arrival” vitiates any claim of an intention to mislead the magistrate about Lilly’s mental state. See Atkin, 107 F.3d at 1216-17 (no intent to mislead where affidavit alerted judge that informants “were persons whose veracity could be questioned”).
Braden next disputes the sufficiency of the affidavit to support a finding of probable cause, pointing to the affidavit’s failure to establish Lilly’s reliability, to reference the specific time when she observed the guns and drugs, or to identify Braden or his residence. We review the sufficiency of an affidavit in a “commonsense, rather than hypertechnical manner,” United States v. Greene, 250 F.3d 471, 479 (6th Cir.2001), and ask “whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited,” id. at 478 (quoting United States v. Davidson, 936 F.2d 856, 859 (6th Cir.1991)). “Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a *703 crime will be found in a particular place.” Id. at 479 (internal quotation marks omitted). The “substantial basis” standard accords the magistrate’s determination of probable cause great deference, and we will reverse its decision to grant a search warrant only if “arbitrarily” made. Id. (citing United States v. Allen, 211 F.3d 970, 973 (6th Cir.2000) (en banc)). Reviewing Goodall’s affidavit in a commonsense manner, we hold that the magistrate had a substantial basis for finding probable cause.
In United States v. Pelham, 801 F.2d 875, 878 (6th Cir.1986), we upheld as sufficient an affidavit stating only that the named informant had seen the defendant sell drugs in his home within the past twenty-four hours. The Pelham court observed that “there could hardly be more substantial evidence of the existence of the material sought and its relevance to a crime than [the informant’s] direct viewing of marijuana in [the defendant’s] house.” Id. “Allen and Pelham make it clear that independent corroboration of an informant’s story is not necessary to a determination of probable cause.”[1] United States v. McCraven, 401 F.3d 693, 698 (6th Cir.2005).
Because the affidavit named Lilly herself as having personally observed drugs at Braden’s residence, the magistrate could credit Lilly’s tip, volunteered against her interest, as reliable without police corroboration or other indicia of reliability. See McCraven, 401 F.3d at 697-98; Allen, 211 F.3d at 976; see also United States v. Harris, 403 U.S. 573, 584, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) (courts may consider informants who volunteer information against their interests reliable). True, Lilly had smoked meth prior to offering the tip. But knowledge of her intoxication from the trooper’s affidavit was among the factors the magistrate needed to consider in assessing whether probable cause existed. And as this court recently recognized in the context of a Franks challenge, “Although it is possible that an angry and intoxicated person may be less reliable than a detached and uninterested observer who is sober, it is equally possible that those same factors can make a witness more inclined to be truthful than they otherwise might.” Hale v. Kart, 396 F.3d 721, 730 (6th Cir.2005).
As another alleged failing in the district court’s decision to deny suppression, Bra-den targets the absence of facts pointing to the recency of the evidence relied on for the warrant — when Lilly observed the guns and drugs. Staleness concerns, however, are met here as the affidavit noted that Lilly had not yet exhausted the drugs supplied to her at the trailer. See Pelham, 801 F.2d at 878; see also Sgro v. United States, 287 U.S. 206, 210-11, 53 S.Ct. 138, 77 L.Ed. 260 (1932) (expiration of probable *704 cause determined by the circumstances of each case). The magistrate could also reasonably adduce from Lilly’s report of seeing large drug quantities and multiple weapons that 440 Reeves Branch served as a base for ongoing drug activity. United, States v. Henson, 848 F.2d 1374, 1382 (6th Cir.1988) (“ ‘[I]f an affidavit recites activity indicating protracted or continuous conduct, time is of less significance.’ ” (quoting United States v. Haimowitz, 706 F.2d 1549, 1554-55 (11th Cir.1983))). Because these circumstances evince a “substantial basis for determining the existence of probable cause,” Illinois v. Gates, 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), Braden’s challenge grounded on its absence fails.
As a final objection, Braden calls attention to the warrant’s omission of a “description of the location given or naming of the Appellant,” but Braden then neglects to offer any supporting argument for our finding prejudicial error therefrom. It is axiomatic that “issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.” United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (citation omitted). Regardless, this claim lacks merit because the particularity required by the Fourth Amendment “is not as to the person against whom the evidence is to be used but rather as to the place to be searched,” Mays, 134 F.3d at 814, and, because the affidavit sufficiently detailed the place to be searched, no “reasonable probability [existed] that another premises might be mistakenly searched,” United States v. Durk, 149 F.3d 464, 465 (6th Cir.1998) (internal quotation marks omitted).
Given our conclusion that probable cause supported the warrant, we do not address Braden’s challenge to the district court’s alternate grounds for denying suppression — the Leon good-faith exception. We affirm.

. Braden misunderstands the different types of informants in arguing that probable cause requires corroboration, relying on cases that involved either an unnamed, confidential informant or an anonymous informant. See, e.g., Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (anonymous informant); United States v. Frazier, 423 F.3d 526 (6th Cir.2005) (confidential informant and anonymous informant); McCraven, 401 F.3d 693 (upholding Pelham, but elaborating on the standards for a confidential informant); Allen, 211 F.3d 970 (confidential informant); United States v. Tuttle, 200 F.3d 892, 894 (6th Cir.2000) (confidential informant); United States v. Weaver, 99 F.3d 1372 (6th Cir.1996) (confidential informant); United States v. Leake, 998 F.2d 1359 (6th Cir.1993) (anonymous informant); United States v. Smith, 783 F.2d 648, 651 (6th Cir.1986) (confidential informant). Nevertheless, counsel cites Smith, 783 F.2d 648, for the proposition that even a "known, rehable” informant’s tip requires corroboration, but in Smith, the "known, reliable" informant was a confidential informant known to be reliable, but not named in the affidavit. Id. at 649.