NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0353n.06

No. 07-6347

**FILED**
**May 20, 2009**
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,          )
                                    )
    Plaintiff-Appellee,            )
                                    )
v.                                  )    ON APPEAL FROM THE UNITED
                                    )    STATES DISTRICT COURT FOR
RICKY HUDSON,                       )    THE WESTERN DISTRICT OF
                                    )    TENNESSEE
    Defendant-Appellant.           )
                                    )
                                    )

Before: KETHLEDGE and WHITE, Circuit Judges; and POLSTER, District Judge.*

KETHLEDGE, Circuit Judge. Ricky Hudson pled guilty to possessing a .45-caliber Ruger pistol while a felon. He now appeals the district court's denials of his motions to suppress evidence, obtain a *Franks* hearing, and disclose a confidential informant's identity. Because the district court properly denied each motion, we affirm.

I.

On February 28, 2006, a confidential informant told Shelby County Detective C. Grimes that in the past five days, "Rick" had stored and sold marijuana and cocaine at 739 Bellevue in Memphis, Tennessee. The informant—who on prior occasions had given Grimes information resulting in drug arrests and seizures—also said that Rick was armed. That same day, Grimes submitted an affidavit

---

*The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

containing this information to the Shelby County Judicial Commissioner, who issued a search warrant based upon it.

Police detectives went to 739 Bellevue, knocked on the front door, and announced their presence. No one answered. The detectives forcibly entered, and found Hudson in the bathroom, flushing the toilet. After searching the house, the detectives arrested Hudson and seized several packets of foil containing heroin, oxycodone pills, a digital scale, several syringes, two firearms, and a large amount of money.

A federal grand jury thereafter indicted Hudson on two counts of possession of a firearm while a felon, in violation of 18 U.S.C. § 922(g). As a result of this same incident, state prosecutors charged him with possession with intent to distribute a controlled substance, in violation of state law.

In federal district court, Hudson filed a motion to suppress evidence seized from his residence, arguing that Grimes' affidavit did not support a finding of probable cause. He also filed a motion to disclose the informant's identity, alleging the identity was material to the question whether Grimes' affidavit supported probable cause. The district court denied the motions.

Hudson also filed a motion seeking a *Franks* hearing before the district court, alleging that Grimes had included false statements in his affidavit. In support of this motion, Hudson alleged that he was alone at his residence, that he never sold marijuana and cocaine there between February 20 and 28, 2006, and that detectives did not in fact find cocaine or marijuana during their search. (They found other drugs instead).

The district court denied the motion for a *Franks* hearing, but held an *in camera* hearing that amounted to much the same thing. At the hearing, Grimes testified that he had used the subject

informant more than ten times in the past five years, and that the informant's information had always been reliable, leading to prior arrests and seizures. Grimes also testified that, among other things, he had surveilled Hudson's residence prior to applying for the search warrant, and observed suspicious activity there. The district court found Grimes "very credible" and again denied Hudson's motion.

On July 5, 2007, Hudson pled guilty to one count of possession of a firearm while a felon, in violation of 18 U.S.C. § 922(g), but preserved the right to appeal the district court's denials of his three motions. The district court thereafter sentenced Hudson to 120 months' imprisonment, three years supervised release, and a $100 assessment fee. This appeal followed.

## II.

## A.

Hudson argues that the district court erred in denying his motion for a *Franks* hearing. We have not yet decided whether we review such a denial *de novo* or for clear error. *See U.S. v. Stuart*, 507 F.3d 391, 396-97 (6th Cir. 2007). We need not decide that question today, however, because Hudson's argument fails under either standard.

To obtain a *Franks* hearing, "the defendant must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit." *U.S. v. Stewart*, 306 F.3d 295, 304 (6th Cir. 2002) (citation omitted). The defendant specifically must allege "deliberate falsity or reckless disregard [on the part] of *the affiant*, not of any nongovernmental informant." *Franks v. Delaware*, 438 U.S. 154, 171 (1978) (emphasis added).

Here, in support of his *Franks* motion, Hudson himself signed an affidavit alleging two things: First, that between February 20 and 28, 2006, he had no visitors at his residence, and did not sell cocaine or marijuana there; and second, that the detectives who executed the warrant did not find cocaine or marijuana at his residence. These statements attack only the *informant's* credibility, however, not that of Grimes. Hudson therefore has not met his burden. Moreover, the district court affirmatively found Grimes' testimony regarding the affidavit to be credible, which further precludes any finding by our court that he was knowingly untruthful in the affidavit. Finally, we note the district court *de facto* held a *Franks* hearing *in camera*, in which Grimes testified and was cross-examined by Hudson's counsel; and Hudson does not explain what difference a *de jure* hearing would have made to his case.

B.

Hudson next argues that the district court should have conducted yet another *in camera* hearing, namely, one to determine whether the informant's identity was material to the issue of probable cause. We review a district court's denial of a request to hold an *in camera* hearing for an abuse of discretion. *U.S. v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985).

It is well-established that the government is privileged not to reveal the identity of informants, *see Roviaro v. U.S.*, 353 U.S. 53, 59 (1957), and thus a defendant bears the burden of showing how disclosure of an informant's identity would substantively assist his defense. *See U.S. v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992).

"When the evidence suggests that it is reasonably probable that the informer can give relevant testimony" at trial, an *in camera* hearing may be appropriate to determine the materiality of the

informant's identity to the defense. *U.S. v. Eddings*, 478 F.2d 67, 70-71 (6th Cir. 1973). But that

rule does not apply "where the informer merely furnished a tip which helped police officers obtain

a warrant." *U.S. v. Lloyd*, 400 F.2d 414, 416 (6th Cir. 1968). That is precisely the situation here.

The district court therefore did not err in declining to hold an additional *in camera* hearing to

determine the informant's identity.

C.

Finally, Hudson argues that Grimes' affidavit was insufficient to support probable cause. We

review *de novo* the district court's legal conclusion regarding probable cause, and uphold its factual

findings unless clearly erroneous. *See U.S. v. Williams*, 544 F.3d 683, 685 (6th Cir. 2008).

"Probable cause exists when there is a fair probability, given the totality of the circumstances,

that contraband or evidence of a crime will be found in a particular place." *U.S. v. McCraven*, 401

F.3d 693, 697 (6th Cir. 2005). We accord "great deference to the issuing judge's determination that

an affidavit establishes probable cause." *Id.*

Here, Grimes stated in his affidavit that the informant had given him "information in the past,

which . . . resulted in several seizures of Marijuana and Cocaine and several arrest[s] for Marijuana

and Cocaine." Grimes also stated that the informant had been in Hudson's residence within the past

five days, and had seen Hudson storing and selling marijuana and cocaine there. Grimes further

stated that the informant had observed "weapons" there. The affidavit here is similar, therefore, to

affidavits that we have found to support probable cause in other cases. *See, e.g., U.S. v. Allen*, 211

F.3d 970, 971-72 (6th Cir. 2000) (probable cause existed when, among other things, the informant

had provided the affiant with reliable information for five years, and had personally observed cocaine

in the suspect's apartment within the previous 72 hours); *see also McCraven*, 401 F.3d at 697

("[T]he facts of *Allen* do not define the minimum requirements for an affidavit based on an

informant's tip").  Thus, although the better practice would have been for Grimes to have provided

in the affidavit more of the detail that he in fact provided in the hearing, we conclude, under the

deferential standard applicable here, that his affidavit afforded the Judicial Commissioner a

"substantial basis" for finding probable cause.

 The judgment of the district court is affirmed.