*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0294p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

No. 11-5663

ELCARDO MOORE,

        *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 09-20430-001—Bernice B. Donald, District Judge.

Argued: October 12, 2011

Decided and Filed: November 22, 2011

Before: MOORE and ROGERS, Circuit Judges; HOOD, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Needum L. Germany III, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. Kevin G. Ritz, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee. **ON BRIEF:** Valentine C. Darker, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. Kevin G. Ritz, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

    ROGERS, J., delivered the opinion of the court, in which HOOD, D. J., joined. MOORE, J. (pp. 9–12), delivered a separate opinion concurring in the judgment.

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

_____

**OPINION**

_____

ROGERS, Circuit Judge.  Defendant Elcardo Moore was convicted in the District Court for the Western District of Tennessee after pleading guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  On appeal, he argues that the district court erred in denying his motion to suppress evidence, because the search warrant used to seize the firearms was invalid and the good faith exception to the exclusionary rule does not apply.  The Government acknowledged at oral argument that the affidavit supporting the warrant was imperfect:

> [T]his was not a model affidavit.  It was not written in detail, it did not name the informant and the informant was not named to the magistrate, there was no specific amount of cocaine, and there should have been more in this affidavit . . . .  This detective had more information, he could have put it in the affidavit, I don't have any reason to know. . .why he didn't . . . .  If it were up to me these warrants would be drafted differently. . . .

Despite these shortcomings, the warrant contains enough information to support the magistrate's finding of probable cause.  It offers testimony from a confidential informant and grounds for that informant's reliability and basis for knowledge, its information is recent enough to avoid staleness, and it establishes a proper nexus between the criminal activity observed and the place to be searched.  Although a more detailed affidavit would have better served the purposes of the warrant requirement, the warrant in this case was valid.

On October 25, 2008, officers of the Shelby County Sheriff's Office received information from a confidential informant ("CI") that within the last five days, a man known as "Little Toe" had been selling cocaine from an apartment in Memphis.  Based on this information, Detective Sathongnhoth, a member of the narcotics division of the county sheriff's office, applied for a search warrant.  The warrant contained mostly boilerplate language concerning Det. Sathongnhoth's experience in law enforcement and

the traditional behavior of drug dealers, but did specify the apartment and the items to be searched for, namely "Cocaine, Drug Records, Drug Proceeds, Drug Paraphernalia." The warrant also contained a description of "Lil Toe" as being a black male "approximately 5' 10" 180lbs about 37-38 yoa." Finally, the warrant contained the following paragraph:

> On October, 25, 2008 Det. Sathongnhoth did speak with a reliable informant who has given information in the past in regards to narcotics trafficking resulting in two seizures of narcotics[.   ]The reliable informant stated that he/she has been at the above described residence within the past five (5) days of October 25, 2008 and has seen the above described storing and selling cocaine at the above named address.

The judicial commissioner (sometimes referred to in the record as a magistrate) did not ask Det. Sathongnhoth any questions, and issued a search warrant based only on the information contained in the affidavit.

That same day, Det. Sathongnhoth executed the warrant. At the apartment, he found two firearms, various types of drugs, a scale, and $2,931 in cash. Moore arrived at the apartment shortly after the detectives. After the search was complete, Moore was arrested and brought to the police station for questioning, where he was advised of his rights, signed a rights waiver form, and admitted ownership of the drugs and one of the firearms. On October 27, 2009, Moore was indicted on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

Moore filed a motion to suppress the evidence obtained during the search, as well as any subsequent statements he made, on the ground that the warrant was invalid. At the motion hearing held July 2, 2010, Det. Sathongnhoth revealed further corroborating information to support the warrant, including: (1) that Det. Sathongnhoth had previously set up two undercover buys between the same CI and an individual identified to him as "Little Toe" at the address given in the warrant on October 16 and 24, 2009; and (2) that he conducted surveillance on the location and attempted to confirm the identity of Moore as Little Toe by obtaining the utilities information of the apartment and attempting to obtain the registration of a vehicle matching the CI's description parked nearby. It was

also revealed at the motion hearing that the CI did not say anything to Detective Sathongnhoth specifically about drug storage, merely that he or she saw drugs of an unspecified quantity, that were not part of the buy, in plain view in the room.

The district court denied the motion to suppress.  The court held that the magistrate judge found probable cause to issue the warrant.  With regard to the issue of the word "storing," the court pointed out that "it does appear there is nothing in the informant's actions or words or otherwise that dealt with the storing[,]" but because "that word is just used in tandem with selling which was the applicable word in this case[,]" any potential inaccuracy was not problematic.

Defendant filed a motion to reconsider, or in the alternative, for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), which would allow him to challenge the sufficiency of the executed warrant by attacking statements made by the affiant in support of the warrant.  The district court denied both requests.  On December 17, 2010, Moore pled guilty to two counts of being a felon in possession of a firearm, and on June 3, 2011, he was sentenced to six months' imprisonment and two years of supervised release.  Moore timely appealed.

The search warrant was valid.  On its face, it contained enough information for there to be a "substantial basis" on which the magistrate could conclude that probable cause existed to search the residence.  *See Illinois v. Gates*, 462 U.S. 213, 236 (1983).  The "totality of the circumstances" approach supports a finding of probable cause.  *See United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005).  The affidavit identifies a reliable informant and establishes that informant's basis for knowledge that drugs or drug paraphernalia will be found at the residence in question.  The magistrate's decision to issue a warrant on such an affidavit was not arbitrary, and so must be afforded deference by this court.  *See United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003).

This court's precedent supports this holding, because in the vast majority of cases involving similarly worded search warrants, we have upheld the magistrate judge's finding of probable cause after reviewing the district court's legal conclusions de novo.  For example, we upheld the validity of a warrant based on an affidavit that stated the

defendant was seen by the CI in possession of crack cocaine at the residence to be searched in the past 72 hours. *See United States v. Williams*, 224 F.3d 530, 531 (6th Cir. 2000). Sitting en banc, we upheld a warrant based on an affidavit that stated the defendant was seen by a CI in possession of cocaine at the residence to be searched in the past 72 hours. *See United States v. Allen*, 211 F.3d 970 (6th Cir. 2000) (en banc). We have also upheld a warrant whose affidavit was remarkably similar to the one in this case, which stated that the CI had been in the residence in the last five days and had seen the defendant storing and selling cocaine. *See United States v. Finch*, 998 F.2d 349, 352 (6th Cir. 1993). Thus, although the warrant has scant information in it, the information it does contain is enough to establish a "fair probability" that evidence of a crime will be located on the premises of the proposed search. *See Jenkins*, 396 F.3d at 760 (internal quotation marks omitted). The warrant provided a substantial basis for the magistrate's finding of probable cause, and so must be upheld.

The affiant's statement that the CI saw drugs being stored and sold at the residence was not false, contrary to Moore's allegation. The district court determined in its denial of the motion to reconsider that the drugs the CI saw in plain view at the residence, that were not a part of the sale, were sufficient to make "storing" an accurate description. It is reasonable to conclude that a small amount of drugs in an apartment amounts to storage, and that factual finding is not clearly erroneous. *See United States v. Williams*, 544 F.3d 683, 685 (6th Cir. 2008). Even were this court to determine "storing" to be a false statement, the warrant still has enough information in it to support a finding of probable cause.

The affidavit was based on information obtained from a CI whose reliability and basis for knowledge was provided. The warrant stated that the CI had given information in the past that had led to two drug seizures, and that the CI had personally been at the residence and seen the drugs. These facts satisfy the requirement that a CI's information be bolstered by additional information in an affidavit. *See United States v. Ferguson*, 252 F. App'x 714, 721 (6th Cir. 2007). So long as the magistrate "was informed of some of the underlying circumstances from which the informant concluded evidence of a

crime is where he claimed it would be found, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, was reliable," there is sufficient support. *United States v. Smith*, 182 F.3d 473, 478 (6th Cir. 1999). This affidavit included information on both of these points, and therefore provided sufficient information for the court to consider the informant's "veracity, reliability, and basis of knowledge," particularly under the "fluid totality of circumstances" standard that controls here. *See United States v. Rodriguez-Suazo*, 346 F.3d 637, 646 (6th Cir. 2003) (internal quotation marks omitted). Indeed, in *Allen*, 211 F.3d at 976, we stated that additional corroboration is not necessary when the CI is personally known to the detective and "[t]he information alleged was of direct personal observation of criminal activity." The information provided in the affidavit concerning the CI's reliability and basis of knowledge was sufficient for the magistrate to conclude that there was probable cause for a warrant. We have repeatedly upheld probable cause based on similar corroboration. *See, e.g., United States v. Pinson*, 321 F.3d 558, 564-66 (6th Cir. 2003); *Smith*, 182 F.3d at 478-79.

A period of less than five days between the CI's information about the presence of drugs and the application for and execution of the warrant does not make the information stale. It is close enough to support "the likelihood that evidence of a crime may presently be found at [the named] location." *United States v. Hython*, 443 F.3d 480, 485 (6th Cir. 2006). Significantly longer periods between observation of drugs and application for a warrant have been upheld. For instance, in *United States v. Hammond*, 351 F.3d 765, 771 (6th Cir. 2003), we held that a tip that there was dope on a defendant's property was not stale although offered five months before the warrant. In *Allen*, 211 F.3d at 972, a warrant based on a tip that the defendant had been on the premises within the past 72 hours in possession of drugs was upheld, with no mention of storage. In *United States v. Spikes*, 158 F.3d 913 (6th Cir. 1998), we found relevant a number of factors in determining staleness, including "the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), [and] the place to be searched (mere criminal forum of convenience or secure operational base?)." *Spikes*, 158 F.3d at 923. The warrant implies that the apartment is a base of drug

trafficking from the word "storing," as well as by including in its purview the remnants of drug activity, including records and proceeds. The affidavit supports the belief that criminal activity would be found at the apartment at the time the warrant was issued.

The affidavit also established a proper nexus, a connection between "the criminal activity observed and the [residence to be searched]." *United States v. Washington*, 380 F.3d 236, 240 (6th Cir. 2004). Nexus is usually an issue when the criminal activity was not witnessed in the residence. For example, in *United States v. McPhearson*, 469 F.3d 518 (6th Cir. 2006), there was no nexus because a search of a residence was based on finding drugs on the owner's person. In *Washington*, 380 F.3d at 238, the drugs were observed in a car parked outside the residence. In this case, the residence to be searched was the residence in which the drugs were observed. The affidavit stated that the CI had been at the residence and had seen a drug sale there. A sufficient nexus existed.

Our holding does not mean that the magistrate was required to issue the warrant, particularly since the affidavit was minimal in the ways conceded by government counsel at argument. The warrant requirement puts primary responsibility on the magistrate to determine probable cause, and if the affiants repeatedly provide the minimum of information, magistrates would be acting within their discretion to demand more.

Yet even if the warrant was not valid, the search is valid under the good faith exception to the warrant requirement as established by *United States v. Leon*, 468 U.S. 897 (1984). None of the four exceptions listed in *Leon* apply to this case. First, Detective Sathongnhoth's affidavit did not contain information that he knew or was reckless in not knowing was false. Second, the affidavit contained enough information that the magistrate could make a determination to issue it without becoming "a rubber stamp" for police activities. *See id*. at 914. Third, the affidavit was not so conclusory as to constitute a "bare bones" affidavit. *See id*. at 915. It contained information about the reliability of the CI and the basis of his/her information. This is not a situation in which the warrant "states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of

knowledge." *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996).  Finally, the warrant is not so facially deficient that it cannot be presumed to be valid.  *Leon*, 468 U.S. at 923.  Similar warrants have been upheld in numerous cases.  Even if the warrant in this case did not meet the threshold of probable cause, it certainly satisfies the "less demanding showing" required under the good faith exception.  *See United States v. Carpenter*, 360 F.3d 591, 595 (6th Cir. 2004) (internal citation and quotation marks omitted).  There is no reason to suspect that "a reasonably trained police officer would have known that the search was illegal despite the magistrate's authorization."  *Leon*, 468 U.S. at 922 n.23.  The good faith exception would apply in this case.

For the reasons outlined above, we affirm the judgment of the district court.

---

**CONCURRING IN JUDGMENT**

---

KAREN NELSON MOORE, Circuit Judge, concurring in judgment.  While I agree with the majority that the validity of the search should be upheld, I conclude that the proper ground for doing so is the good-faith exception.  *See United States v. Leon*, 468 U.S. 897, 913 (1984).  Because this Circuit has previously upheld a similar affidavit as sufficient to satisfy probable cause, I cannot conclude that the officer's reliance on the magistrate's issuance of the warrant was unreasonable.  *See United States v. Finch*, 998 F.2d 349, 352 (6th Cir. 1993).[1]  However, the majority's opinion does not constitute an open invitation to continue blind reliance on warrants of this nature.  The inadequacies of the present warrant have been recognized both by counsel for the United States and by the majority.  Such recognition provides notice that continued reliance on similar warrants, based on form affidavits with little to no particularized detail, may in the future result in inadmissible evidence without the backstop of the good-faith exception.

Elcardo Moore rightly identified that the affidavit before this court is essentially a form affidavit widely used in Shelby County, Tennessee.  The affidavit principally premises probable cause on a tip from a confidential informant unnamed in the affidavit.  Prior to the en banc decision in *United States v. Allen*, 211 F.3d 970 (6th Cir. 2000), this Circuit upheld iterations of this form affidavit on a number of occasions.  *See, e.g., Finch*, 998 F.2d at 352; *United States v. Cummings*, No. 90-5127, 1991 WL 41552, at *1-*2 (6th Cir. 1991) (unpublished); *United States v. Chalmers*, No. 89-5925, 1990 WL 66817, at *2 (6th Cir. 1990) (unpublished).  However, the form affidavit's repeated use—with minimal to no unique detail and no further explanation under oath to the issuing magistrate—has persisted to the point of constitutional concern.  Moreover, the iteration of the affidavit before this court provides even sparser grounds for probable cause than its predecessors.

---

[1]Indeed, a recent panel of this Circuit reached the same result, though for slightly different reasons.  *See United States v. McCraven*, 401 F.3d 693, 695, 698 (6th Cir. 2005) (upholding similar affidavit under the good-faith exception).

The affidavit in this case purports to establish probable cause based on an uncorroborated tip from an unnamed informant without the affiant even attesting to personal knowledge of the confidential informant's past reliability. R. 29 (Search Warrant at 3); *cf. Finch*, 998 F.2d at 352. This Circuit has recognized that an affiant's personal knowledge of an informant's reliability is important to the probable-cause determination. *See United States v. Hammond*, 351 F.3d 765, 772 (6th Cir. 2003) (finding probable cause lacking with respect to informant tip where detective "did not state how long [police officer] knew [informant], or if [police officer], himself, knew [informant]"). Thus, when an affiant has no personal knowledge of a confidential informant's past reliability, there generally must be other indicia of reliability, such as independent corroboration, to support a finding of probable cause. *See, e.g.*, *United States v. Jackson*, 470 F.3d 299, 308 (6th Cir. 2006) (finding that "although details concerning the informant's reliability gleaned from past encounters are lacking" there was a sufficient basis for probable cause "based on the affiant's personal knowledge and observations" and independent corroboration of a controlled buy).

As this Circuit has recognized, "[o]ur post-*Allen* confidential informant cases"[2] have "demand[ed] that an affidavit demonstrate more than simply blind faith in the words of an affiant who claims his unnamed informant is reliable." *United States v. Ferguson*, 252 F. App'x 714, 721 (6th Cir. 2007) (unpublished); *see also United States v. May*, 399 F.3d 817, 823 (6th Cir. 2005) ("An informant's tip is considered to have greater reliability, and therefore to be more supportive of a finding of probable cause, if the affidavit avers that the name of the confidential informant has been disclosed to the issuing judge."). Thus, when the identity of the informant has not been disclosed in the affidavit or to the magistrate, other indicia of reliability beyond the affiant's personal knowledge of past reliability—such as corroboration or a substantially detailed description of the alleged conduct—have also generally been required. *See, e.g., United*

---

[2]*Allen* does not control the outcome in this case because its holding was expressly limited to "an affidavit based upon personal observation of criminal activity by a confidential informant *who has been named to the magistrate* and who, as the affidavit avers, has provided reliable information to the police in the past about criminal activity . . . ." *Allen*, 211 F.3d at 971 (emphasis added). It is undisputed that the informant in this case was neither named in the affidavit nor disclosed to the magistrate.

*States v. Rodriguez-Suazo*, 346 F.3d 637, 646 (6th Cir. 2003) (upholding probable cause when informant's reliability was based on three prior tips leading to arrest and conviction, informant provided detailed reports of criminal wrongdoing, and police conducted minimum corroboration); *United States v. Williams*, 224 F.3d 530, 531, 533 (6th Cir. 2000) (upholding probable cause when police officer explained to judge additional steps taken to corroborate unidentified informant's tip through surveillance).

Though not disclosed in the supporting affidavit or to the magistrate, the officer in this case did in fact take independent steps to corroborate the informant's tip. Though we do not know why the officer did not include this information in the affidavit, the fact that he failed to do so is not inconsequential. In fact, it may suggest that a practice of blind reliance on form affidavits, which reviewing magistrates "rubber stamp," has developed in Shelby County and that police officers have become lackadaisical in the important task of ensuring that all warrants contain sufficiently particularized facts to support a finding of probable cause. That the magistrate in this instance issued the warrant without asking the police officer a single question lends further support to this inference.

The deficiencies identified here are easily remedied without imposing any hardship on law enforcement. As the en banc opinion in *Allen* recognized, the fact that an affidavit contains some "boilerplate" language is not per se problematic so long as the affidavit also contains sufficient "specificity" to satisfy probable cause. *Allen*, 211 F.3d at 975. "The Fourth Amendment does not require an officer to reinvent the wheel with each search warrant application." *United States v. Weaver*, 99 F.3d 1372, 1381 (6th Cir. 1996). However, the Fourth Amendment does require that officers provide sufficiently specific facts to support a particularized showing of probable cause. If this is not done within the four corners of the affidavit, then the officer must do so orally under oath to the issuing magistrate. *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 482 (6th Cir. 2006) ("The Fourth Amendment does not require that the basis for probable cause be established in a written affidavit; it merely requires that the information be given by 'Oath or affirmation' before a judicial officer.") (quoting U.S. CONST. AMEND. IV). The

practice of skirting this constitutional requirement in Shelby County is unacceptable and unsustainable.  Should officers wish to continue relying in good faith on issued warrants, they must conform their conduct to the Fourth Amendment's requirements.

Accordingly, I concur in the judgment.