**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 15a0196n.06**

**No. 13-4051**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| PIERRE O. COLQUITT, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

**FILED**
Mar 11, 2015
DEBORAH S. HUNT, Clerk

BEFORE:     BOGGS, ROGERS, and STRANCH, Circuit Judges.

**STRANCH, Circuit Judge.**  Pierre Colquitt appeals from the district court's denial of his motion to suppress evidence.  For the reasons stated below, we AFFIRM.

**I.  BACKGROUND**

A grand jury indicted Colquitt on five charges, including one count of conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin, two counts of distributing heroin within one thousand feet of a public elementary school, one count of possessing firearms in furtherance of a drug trafficking crime, and one count of possessing firearms as a previously-convicted felon, in violation of 21 U.S.C. §§ 841, 846, 860 and 18 U.S.C. §§ 922(g)(1) & 924(c).  R. 19.  Colquitt waived his right to a jury trial, and the district court convicted him on four of the five counts following a bench trial.  The government voluntarily dismissed the felon-in-possession count during trial.  The district court imposed a sentence of imprisonment of 132 months.

Before trial, Colquitt moved to suppress handguns and illegal drugs seized by law enforcement officers when they executed state search warrants at two locations in Springfield, Ohio. R. 26. On appeal Colquitt challenges only the search of the residence at 826 West Pleasant Street, where he lived with his girlfriend, LaTorya Bibbs.[1] He contends that evidence was seized from 826 West Pleasant Street in violation of his Fourth Amendment rights because Detective Keri Frasco made two deliberate or reckless false statements in her affidavit supporting the search warrant. *Id.* at Page ID 63. First, Det. Frasco included information about a controlled purchase of heroin made by a confidential informant (CI) from Colquitt at 826 West Pleasant Street on April 22, 2009. Colquitt claimed this drug transaction did not occur. Second, Det. Frasco falsely reported in the affidavit that Colquitt had been convicted of drug trafficking in July 1998. Due to the inclusion of false statements in the affidavit, Colquitt sought a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).

The affidavit supporting the search warrant for 826 West Pleasant Street was approximately four pages long. R. 126-1 Page ID 1454. Det. Frasco attested that she is a member of the Springfield Police Department Intelligence Unit, and that she has more than fourteen years of police experience with special training in drug enforcement. She explained that the Springfield Police Division Narcotics Unit had been conducting a drug investigation of Colquitt and Bibbs and, with the assistance of a CI, had been able to make at least five controlled purchases of heroin from Colquitt or Bibbs. *Id.* at 1455. The affidavit then set forth the following specific details about each of these controlled drug transactions.

On March 19, 2009, the CI made a recorded telephone call to Colquitt at 937-450-3801 and asked to purchase heroin. Colquitt told the CI to meet him at 826 West Pleasant Street.

---

[1]The second search warrant was executed at 321 West Jefferson Street, the home of Colquitt's grandmother, where police found Colquitt's stored narcotics.

Police officers watched as the CI entered that residence and later emerged with a purchase of less than one gram of heroin that was obtained from Colquitt. The residence is located within one thousand feet of an elementary school. The CI met with Det. Frasco and gave her the purchased heroin, as well as the recording device the CI wore during the transaction. The substance was submitted to the Springfield Crime Lab and tested positive for heroin. *Id.* at 1455.

On April 1, 2009, the CI made another recorded call to Colquitt at the same telephone number and asked to purchase heroin. Colquitt instructed the CI to meet him at 826 West Pleasant Street. The police watched as the CI entered the residence and later emerged with a purchase of between one and five grams of heroin that was obtained from Colquitt. The transaction took place within one thousand feet of an elementary school. The CI handed this purchase and the recording device to Det. Frasco. The substance was submitted to the Springfield Crime Lab and tested positive for heroin. *Id.*

On April 7, 2009, the CI made a recorded telephone call to Latorya Bibbs at 937-450-6405 and asked to purchase heroin. Bibbs agreed to meet the CI at a predetermined location. Police watched as Bibbs left the residence at 826 West Pleasant Street in a black Cadillac and met the CI at the predetermined location, where she sold the CI less than one gram of heroin. Bibbs left the area. The CI met with Det. Frasco to hand her the drug purchase and return the recording device. The substance was submitted to the Springfield Crime Lab and tested positive for heroin. *Id.* at 1455–56.

On April 22, 2009, the CI made a recorded telephone call to Colquitt at 937-450-3801. Colquitt told the CI to meet him at 826 West Pleasant Street. The police watched as Colquitt entered and exited the residence. The CI then met with Det. Frasco and turned over to her the purchase of between one and five grams of heroin and the recording device. The drug

transaction took place within one thousand feet of an elementary school. Testing confirmed the substance was heroin. *Id.* at 1456.

On May 27, 2009, police watched as the CI entered 826 West Pleasant Street and later returned to meet with Det. Frasco. The CI handed Det. Frasco the recording device and the purchase of less than one gram of heroin that was obtained from Latorya Bibbs. This transaction occurred within one thousand feet of an elementary school. The substance tested positive for heroin. *Id.*

In addition to detailing these controlled purchases, Det. Frasco stated in the affidavit that the CI had informed the police that Colquitt sold both crack cocaine and heroin from the residence located at 826 West Pleasant Street, that security cameras had been placed at the front and rear doors of the residence, and that both the front and rear doors of the residence had been fortified with two-by-fours on the inside. Det. Frasco also stated that drug traffickers are known to employ such security measures to protect their drugs and money. *Id.* at 1457. She further averred that the CI who made the controlled purchases of heroin from Colquitt and Bibbs had proven to be reliable in the past. The CI had provided valuable information to law enforcement about other narcotics dealers in Springfield that had been corroborated by the Springfield Police Narcotics Unit. *Id.* Det. Frasco also attested that, "[a]ccording to Pierre Colquitt's criminal history he was previously convicted of Trafficking in Drugs in July 1998, Case number CR 98030037 and Drug Abuse, Felony of the Second Degree, in August 1999 Case number 99CR22." *Id.*

Det. Frasco's affidavit also included information that, on April 7, 2009, Det. Gene Bell, with the assistance of a CI, made a controlled purchase from another individual who was selling heroin in Springfield. While detectives were conducting surveillance during that transaction,

they saw the individual stop by 826 West Pleasant Street to "re-up," in other words, to obtain heroin to sell. The individual then met with the CI to complete a heroin sale. *Id.* at 1456–57.

The district court held a hearing on Colquitt's motion to suppress. R. 29. In support of the request for a *Franks* hearing, defense counsel verbally proffered evidence that, although Colquitt was charged with Trafficking in Drugs in July 1998, that charge was ultimately dismissed. Furthermore, at the time Det. Frasco drafted the search warrant affidavit, she had a copy of Colquitt's criminal history before her showing that the charge had been dismissed. *Id.* at 81–82. The prosecutor informed the court that Det. Frasco acknowledged misstating the disposition of the July 1998 charge, but she claimed to have mixed up case numbers, thereby making an innocent mistake, because Colquitt was convicted of drug possession during the same time frame. *Id.* at 83. Defense counsel insisted that the error could not have been innocent because the case number associated with the drug trafficking conviction as stated in the affidavit clearly related to the dismissed drug trafficking charge, as shown on Colquitt's criminal history report. Defense counsel argued that Det. Frasco's representation that Colquitt had previously been convicted of drug trafficking "in and of itself would lend to the belief that it was quite likely he would have been trafficking in this situation." *Id.* at 85.

To comply with the *Franks* procedure, the district court directed defense counsel to provide the court with the offer of proof in the form of a written affidavit. The court then adjourned the hearing to allow counsel for both sides to listen to the recording of the disputed April 22, 2009 drug transaction. *Id.* at 74–76, 85–86.

Upon reconvening the hearing, the court said it had read defense counsel's affidavit and asked to hear the government's position on whether a drug transaction actually took place on April 22, 2009. *Id.* at 88. The prosecutor claimed that the transaction had taken place, but not as

Det. Frasco had represented in her affidavit supporting the search warrant for 826 West Pleasant Street. *Id.* The prosecutor explained that, on April 22, the CI placed a call to Colquitt on 937-450-3801, but the call connected to voicemail. *Id.* at 88–89. The CI was with Det. Frasco when this call was placed. *Id.* at 89. A few minutes later, the CI called the number again and a female answered. *Id.* A male voice, identified by the government as Colquitt's, could be heard in the background. *Id.* Det. Frasco then conducted surveillance as the CI met with Colquitt in a vehicle, and the CI then returned to Det. Frasco and handed her the heroin purchased from Colquitt. *Id.* The drug transaction was not recorded, although the CI was wearing a recording device. *Id.* at 89–90.

Defense counsel emphasized that this rendition of events was completely different from the account of the April 22 drug transaction in Det. Frasco's affidavit. *Id.* at 91–92. The court listened to the recording made on April 22, and the court then asked if either party wished to present evidence "in support of the deliberateness issue." *Id.* at 92–93. The government responded, "Reluctantly, yes." *Id.* at 93. Stating "I think it's proper in this case," the court allowed the prosecution to call Det. Frasco as a witness. *Id.*

Det. Frasco acknowledged that the July 1998 drug trafficking charge against Colquitt had been dismissed, but she denied any deliberate attempt to mislead the state judge who issued the search warrant for 826 West Pleasant Street, and she was not even aware of the error in her affidavit until the day of her testimony. R. 29 Page ID 99–100. Det. Frasco further testified that she determined in the course of preparing the search warrant affidavit that Colquitt had at least two prior narcotics convictions, and her drafting mistake occurred when she mixed up Colquitt's two different criminal cases. *Id.* at 99. She ran Colquitt's criminal history report on May 28,

2009, and she admitted that she had that report before her when she drafted the affidavit on May 29. *Id.* at 111–12.

Det. Frasco also conceded that her affidavit did not provide an accurate description of the drug transaction that took place between the CI and Colquitt on April 22, 2009. She testified that about 2:30 in the afternoon that day, while in her presence, the CI placed a call to 937-450-3801 to set up a drug buy. *Id.* at 100–01, 103. Colquitt agreed to meet the CI in front of the CI's house. *Id.* at 101. Two police officers saw Colquitt leave 826 West Pleasant Street driving a green Ford Explorer. *Id.* Det. Frasco dropped the CI off at his home, where he waited on the porch for Colquitt to arrive. *Id.* at 105. Det. Frasco conducted surveillance as Colquitt arrived at the CI's house, the CI climbed into the Explorer, and Colquitt drove approximately one-half block around the corner and stopped. *Id.* at 101, 105–06. After the drug transaction took place, the CI got out of the Explorer and walked back to his residence. *Id.* at 105–06. Det. Frasco picked up the CI, who handed over his one-gram purchase, which later tested positive for heroin. *Id.* at 106–08. Det. Frasco could not explain why this drug transaction was not recorded because the CI was wearing a recording device. *Id.* at 108.

Although the April 22 drug transaction actually occurred, Det. Frasco conceded that it did not take place inside 826 West Pleasant Street as stated in her affidavit. *Id.* at 104. She believed she erred in drafting the affidavit because she "copied and pasted and didn't proofread [her] work well enough to realize that [she] made a mistake." *Id.* at 109, 110. She admitted that she had a copy of her buy report in front of her when she prepared the search warrant affidavit. *Id.* at 119–20. She also admitted on cross-examination that, according to her buy report, the April 22 drug transaction occurred at approximately 8:25 in the evening, not at 2:30 in the afternoon, as she had testified. *Id.* at 117–18.

After receiving post-hearing briefs, the district court denied Colquitt's motion to suppress evidence. R. 36. It was undisputed that the search warrant affidavit contained falsehoods concerning the April 22, 2009 drug buy and a July 1998 drug trafficking charge that was later dismissed. The court found that Det. Frasco did not act intentionally or with reckless disregard for the truth when she erred in describing the April 2009 drug buy. *Id.* at 182–83. In light of virtually identical paragraphs in the affidavit, the court credited Det. Frasco's testimony that the false statements about the April 22 drug transaction occurred because she copied and pasted paragraphs and did not proofread carefully. *Id.* at 184–85. The court found that negligent conduct is not sufficient to satisfy *Franks* and justify suppression of evidence. *Id.* at 185. The court also found there would have been little reason for Det. Frasco to intentionally or with reckless disregard for the truth misrepresent that the April 22 transaction occurred inside 826 West Pleasant Street when the affidavit described other drug transactions that did take place inside the house. *Id.* One of those transactions occurred two days before Det. Frasco obtained the search warrant. *Id.*

The court also ruled that it need not decide whether Det. Frasco acted intentionally or with reckless disregard for the truth when she included the statement about the July 1998 drug charge in her affidavit. *Id.* at 190. Setting aside both the negligent false statement about the April 22 drug transaction and the false statement about the July 1998 drug charge, the court determined that the remaining content of the affidavit was sufficient to establish probable cause to believe that evidence of heroin trafficking would be found at 826 West Pleasant Street. *Id.* at 186–92. Accordingly, the court denied the motion to suppress and denied as moot the request for a *Franks* hearing "since the Defendant has been afforded a *Franks* hearing" at which Det. Frasco testified about the false statements in her search warrant affidavit. *Id.* at 181 n.2, 192.

## II. ANALYSIS

Colquitt was entitled to a hearing on his Fourth Amendment challenge to the validity of the search warrant if he made "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and "the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). There was no dispute that Det. Frasco's affidavit contained false statements relating to the July 1998 drug charge and the April 22, 2009 drug buy. The government challenged only whether Det. Frasco acted knowingly and intentionally, with reckless disregard for the truth, or negligently, thus presenting a fact question for the court's determination. *See United States v. Poulsen*, 655 F.3d 492, 504 (6th Cir. 2011); *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). We cannot say that the court erred in taking evidence to resolve this particular factual dispute, although it appears imprecise to refer to the evidentiary hearing as a *Franks* hearing.

The court took evidence only on the "deliberateness issue" to explore whether Det. Frasco in fact entertained serious doubts as to the truth of her statements or had obvious reasons to doubt the accuracy of the information in her affidavit. *See United States v. Cican*, 63 F. App'x 832, 835–36 (6th Cir. 2003) (observing that, since *Franks*, "most circuits have adopted the subjective test for recklessness similar to that used in First Amendment libel cases"). As to the April 22, 2009 drug buy, the court credited Det. Frasco's explanation that her copying and pasting and her failure to proofread led to the errors in her affidavit, and the court specifically found that she acted negligently. A court's credibility determinations are virtually unassailable, *United States v. Maliszewski*, 161 F.3d 992, 1020 (6th Cir. 1998), and having reviewed the court's factual findings on this issue for clear error in the light most likely to support the district

court's decision, we find no reversible error. *See United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008); *United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001); *Cican*, 63 F. App'x at 836.

Having found that Det. Frasco acted only negligently in preparing the affidavit, however, the court could have truncated the *Franks* analysis. *See Franks*, 438 U.S. at 171–72; *United States v. Carney*, 675 F.3d 1007, 1010–11 (6th Cir. 2012). Because Colquitt did not make a substantial showing that the detective committed perjury or acted with reckless disregard for the truth, there was no need for the court to consider whether, setting aside the challenged statements, the affidavit nonetheless established probable cause to support issuance of the search warrant. *Franks*, 438 U.S. at 171–72. Colquitt was required to make a substantial preliminary showing on both of these issues to obtain a *Franks* hearing, *see id.*, and his failure to make the first showing necessarily doomed his claim.

In any event, we agree with the district court's second assessment that, even setting aside the false statements, Det. Frasco's affidavit established probable cause to support issuance of the search warrant for 826 West Pleasant Street. *See United States v. Brown*, 732 F.3d 569, 575–76 (6th Cir. 2013) (concluding that affidavit established probable cause even setting aside allegedly false statements). Affidavits for search warrants "must be tested and interpreted by . . . courts in a commonsense and realistic fashion," because "[t]hey are normally drafted by nonlawyers in the midst and haste of a criminal investigation." *United States v. Ventresca*, 380 U.S. 102, 108 (1965). Det. Frasco's affidavit detailed four other occasions when Colquitt or Bibbs, under police surveillance, sold heroin to a CI inside the residence at 826 West Pleasant Street or at another predetermined location shortly after one of the sellers left that residence to conduct a heroin transaction. The affidavit set forth grounds to believe that the CI was reliable. The

information included in the affidavit was not stale because the last controlled heroin sale between the CI and Bibbs originated from 826 West Pleasant Street only two days before Det. Frasco sought the search warrant. *See Archibald*, 685 F.3d at 556; *United States v. Moore*, 661 F.3d 309, 312–13 (6th Cir. 2011). In addition to detailing controlled drug purchases between the CI and Colquitt or Bibbs, the affidavit noted that a different heroin dealer stopped by the residence at 826 West Pleasant Street on April 7, 2009, to obtain a supply of heroin before making a sale to a customer. All of this information considered in the totality of the circumstances established "a proper nexus between the criminal activity observed and the place to be searched," *Moore*, 661 F.3d at 311, and was sufficient to give the state judge a "substantial basis" for finding "a fair probability that contraband or evidence of a crime [would] be found" at 826 West Pleasant Street. *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Beals*, 698 F.3d 248, 266 (6th Cir. 2012); *United States v. Archibald*, 685 F.3d 553, 557 (6th Cir. 2012). The search warrant for 826 West Pleasant Street was valid.

Finally, we reach Colquitt's argument, based on testimony presented at his bench trial, that the CI could not have made a telephone call to Bibbs on May 27, 2009, to set up a drug transaction as stated in Det. Frasco's affidavit because Bibbs disconnected that telephone a few days before May 27. During the suppression proceedings below, Colquitt's counsel referred to this issue briefly as a challenge to the reliability of the CI. R. 29 Page ID 79. Defense counsel expressly stated that she did not raise the issue as part of the *Franks* inquiry because Det. Frasco did not specify in her search warrant affidavit which telephone number the CI used on May 27 to contact Bibbs. *Id.* Defense counsel did not present further evidence or argument on this issue below. Therefore, the issue was abandoned, and we do not address the merits on appeal. *See United States v. Denkins*, 367 F.3d 537, 543 (6th Cir. 2004).

**III. CONCLUSION**

Accordingly, for these reasons, we UPHOLD the denial of Colquitt's motion to suppress evidence, and we AFFIRM the judgment of the district court.