RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0155p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 16-6285

LAQUINTON PERRY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:15-cr-20154-1—John Thomas Fowlkes, Jr., District Judge.

Decided and Filed:  July 19, 2017

Before:  ROGERS, COOK, and STRANCH, Circuit Judges.

_____

### COUNSEL

_____

**ON BRIEF:**  John Keith Perry, Jr., PERRY-GRIFFIN, P.C., Southaven, Mississippi, for
Appellant.  Lauren J. Delery, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee,
for Appellee.

_____

### OPINION

_____

ROGERS, Circuit Judge.  Laquinton Perry, having conditionally pled guilty to conspiring
to possess narcotics with intent to distribute, appeals the preserved evidentiary issue of whether a
search warrant for Perry's apartment was supported by probable cause.  Perry contends that the
activities indicating drug sales that were observed over the seven weeks before the issuance of
the search warrant were stale evidence because the activities were not individually dated.  The

observations, according to Perry, may have been too old to indicate that drug evidence would probably be found in the apartment, while at the same time not concentrated or old enough to indicate continuous or entrenched criminal activity. Even without specific dates, however, the amount of suspicious activity observed within the seven weeks in connection with Perry's apartment was enough to support probable cause in this case.

At the probable cause hearing in Tennessee state court, Lieutenant Jason Drewery of the Fayette County Sheriff's Department swore in an affidavit as follows:

- Around October 10, 2014, he received the first of several complaints from concerned citizens living in an apartment complex that there were drug sales being conducted in that apartment complex and in a black Chevrolet Impala;

- That first complaint named Perry and his girlfriend as the drug sellers;

- Lt. Drewery knew Perry to be a drug dealer and to have several prior drug charges;

- From October 15, 2014, to December 3, 2014, Lt. Drewery intermittently surveilled the apartment complex;

- During the surveillance, Lt. Drewery observed heavy car and foot traffic into apartment four in the complex, and the visitors would go into the apartment and leave within one to two minutes;

- Lt. Drewery further observed Perry exchange money and packages, which appeared to contain marijuana, at a chain link face on the other side of which is a parking lot;

- Lt. Drewery observed an unknown black man exit apartment four, remove from his right front pocket a clear plastic bag, remove from that bag a separate package of marijuana, conduct an exchange with someone in a nearby Ford Mustang, and then return to apartment four;

- Lt. Drewery also observed Perry walk out of apartment four and into a Ford Explorer in the apartment parking lot, exchange a package, and return to apartment four;

- Lt. Drewery routinely saw Perry and his girlfriend use the black Chevrolet Impala and enter apartment four with keys; and

- Lt. Drewery confirmed that the utilities to apartment four are paid in, and that the black Chevrolet Impala is registered in, Perry's girlfriend's name.

Based on that affidavit, the Tennessee magistrate issued a search warrant on December 5, 2014, two days after Lt. Drewery's surveillance ended. Lt. Drewery executed the warrant on December 9.

Because Lt. Drewery's affidavit detailed multiple transactions involving Perry and his girlfriend that appeared to be drug transactions, and because those transactions corroborated the neighbors' complaints that Perry and his girlfriend were selling drugs, the Tennessee magistrate properly issued the search warrant under the Fourth Amendment.[1] Lt. Drewery's affidavit provided the Tennessee magistrate with the requisite substantial basis for finding a fair probability that illegal drugs would be found in apartment four and in the Chevrolet Impala.

Even though Lt. Drewery did not specify in his affidavit the dates on which he observed particular transactions, and while "stale information cannot be used in a probable cause determination," *United States v. Frechette*, 583 F.3d 374, 377 (6th Cir. 2009), Lt. Drewery's observations were not stale for two reasons. First, Lt. Drewery did state that his observations occurred between October 15 and December 3—two to fifty-one days before the probable-cause determination. While "drugs are usually sold and consumed in a prompt fashion," *id.* at 378, the evidence of drug sales two to fifty-one days before is recent enough here to suggest that there may be further evidence of illegality in that place. In *United States v. Greene*, 250 F.3d 471, 480–81 (6th Cir. 2001), for instance, we held that 23-month-old evidence of drug sales was not stale when paired with information regarding a drug delivery in the prior month. Second, Lt. Drewery's observations of heavy car and foot traffic, repeated transactions, and one particular transaction in which an unknown man from apartment four took out a packet of marijuana from a bigger bag, all suggested that apartment four was home to an ongoing drug business of some size. We have recognized a "general principle that when 'the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant.'" *United States v. Spikes*, 158 F.3d 913, 924 (6th Cir. 1998) (quoting *United States v. Johnson*, 461 F.2d 285, 287 (10th Cir. 1972)); *see also Greene*, 250 F.3d at 481.

---

[1]Perry also once cites Article I, § 7, of the Tennessee Constitution. The Tennessee Supreme Court has stated that that state constitutional provision "is identical in intent and purpose with the Fourth Amendment." *Sneed v. State*, 423 S.W.2d 857, 860 (Tenn. 1968). Perry does not argue that in this case the state constitution protects more than the U.S. Constitution.

It would certainly have been preferable for Lt. Drewery to have indicated the specific dates, but the fact that all of the multiple and repeated activities were observed within a defined period of less than seven weeks just prior to the date of the affidavit was sufficient to support probable cause. Perry argues that the lack of specific dates precludes either a conclusion that the activities were recent, or the existence of a protracted and continuous course of conduct. This attempt to play two ends against the middle is not persuasive in the context of this case. "[T]he function of a staleness test in the search warrant context is not to create an arbitrary time limitation within which discovered facts must be presented to a magistrate." *Spikes*, 158 F.3d at 923 (quoting *United States v. Henson*, 848 F.2d 1374, 1382 (6th Cir. 1988)). The relative recency of a set of actions and their relative closeness in time to each other combine to demonstrate probable cause, especially given the limited nature of our review of the probable-cause determination. Such review is limited to "whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited," giving "great deference to a magistrate's determination of probable cause." *United States v. Brown*, 732 F.3d 569, 572–73 (6th Cir. 2013) (quoting *Greene*, 250 F.3d at 478). On the merits, probable cause exists under the Fourth Amendment "when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *Brown*, 732 F.3d at 573 (quoting *Greene*, 250 F.3d at 479) (internal quotation marks omitted).

Also without merit is Perry's argument that the district court relied on information outside Lt. Drewery's affidavit in upholding the probable-cause determination of the Tennessee magistrate. The district court explicitly disavowed reliance on such information. After a federal magistrate judge referred to evidence outside of Lt. Drewery's affidavit without relying on it,[2] the district court granted Perry's objection to disregard such evidence and stated: "The Court will limit its factual findings to those described in the affidavit." *United States v. Perry*, Cr. No.

---

[2]The federal magistrate judge held a hearing on the suppression motion and heard from Lt. Drewery directly. The resulting report and recommendation referred to Lt. Drewery's testimony, which exceeded Lt. Drewery's statements in his affidavit. But the magistrate judge also made clear that the analysis rested solely on the statements made in the affidavit, noting that "the general rule is that only the information contained within the four corners of the affidavit should be considered when reviewing magistrate's probable cause determination" and "ultimately recommend[ing] that the information contained within the Affidavit was sufficient for the issuing magistrate to have a substantial basis for determining that probable cause existed."

2:15-cr-20154-JTF, 2016 WL 916430, at *5 (W.D. Tenn. Mar. 10, 2016). The district court then concluded in particular that "there is substantial evidence *within the four corners of the affidavit* that a continuous and ongoing drug operation was being conducted" in apartment four. *Id.* (emphasis added).

Probable cause supported the search warrant in this case. The judgment of the district court is affirmed.