NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0136n.06

Case No. 24-5200

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 11, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JAMES DUTTON, | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: GRIFFIN, NALBANDIAN, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** James Dutton pleaded guilty to drug distribution and conspiracy charges after the district court denied his motion to suppress and motion for a *Franks*[1] hearing. Dutton now appeals the district court's rulings on both motions. For the reasons below, we affirm.

## I.

In late 2020 through early 2021, James Dutton bought and distributed varying quantities of methamphetamine. After learning of Dutton's activities, officers with the Franklin County Sheriff's Office sought and obtained a warrant to search Dutton's residence and vehicles for drugs and drug paraphernalia. They requested a search warrant based on the following information contained in Investigator Brian Brewer's supporting affidavit, which stated, in pertinent part:

> The affiant, Investigator Brian Brewer, states that he has received information from a [confidential] informant about James Dutton. The said confidential informant has given law enforcement officials

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

> information in the past which has led to felony drug cases and felony drug arrests. Investigator Brian Brewer, states that he has known the said [confidential] informant for less than 5 year[s]. Investigator Brian Brewer believes the confidential informant to be [truthful] and reliable about the subjects [sic] James Dutton and their [involvement] in the [distribution] of the drug methamphetamine[,] a schedule II controlled substance. The confidential informant has been on the property of James Dutton within the past 72 hours of the signing of this search warrant and affidavit. The said confidential informant has stated to Investigator Brian Brewer that he/she has seen a quantity of methamphetamine in the living area of James Dutton['s] residence. The confidential informant is familiar with the drug methamphetamine and knows what the drug looks like.

R. 93-1, PageID 416–17 (caps removed). The affidavit also described Brewer's experience investigating drug crimes.

A magistrate issued the search warrant and law enforcement executed it. Upon execution of the search warrant, law enforcement seized about 50 grams of methamphetamine and a firearm. Dutton admitted to the officers that he sold approximately 26 ounces of methamphetamine the prior day. Dutton further admitted that he had been purchasing between a half-pound and a pound of methamphetamine at a rate of two to four times per week.

A grand jury indicted Dutton for conspiracy to distribute methamphetamine and possession of methamphetamine with intent to distribute. Dutton moved to suppress the methamphetamine seized during the search for lack of probable cause supporting the search warrant. He also moved for a *Franks* hearing, arguing that Brewer knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit related to the confidential informant's ("CI") knowledge. The district court denied both motions. Dutton pleaded guilty to the charges. But he reserved the right to challenge the district court's denial of his motion to suppress and motion for a *Franks* hearing. Dutton timely appealed.

**II.**

Dutton challenges the district court's denial of his motion to suppress the evidence that officers discovered at his house. We review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Prigmore*, 15 F.4th 768, 777 (6th Cir. 2021) (citation omitted). Because the district court denied Dutton's motion to suppress, "we review all evidence in the light most favorable to the government." *United States v. Peake-Wright*, 126 F.4th 432, 436 (6th Cir. 2025) (quotation omitted).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. It further provides that no warrant shall be issued except upon probable cause. *Id.* "Probable cause for a search warrant exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Frechette*, 583 F.3d 374, 379 (6th Cir. 2009) (internal quotation marks omitted). To establish probable cause, a search-warrant affidavit must show a "nexus between the place to be searched and the evidence sought." *United States v. Laughton*, 409 F.3d 744, 747 (6th Cir. 2005) (quotation omitted). Ultimately, "probable cause . . . depends on the totality of the circumstances." *United States v. Sanders*, 106 F.4th 455, 461 (6th Cir. 2024) (en banc) (internal quotation marks omitted).

Courts reviewing the sufficiency of a search-warrant affidavit must determine "whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." *United States v. Greene*, 250 F.3d 471, 478 (6th Cir. 2001) (quotation omitted). "[A] warrant's validity" does not "turn on whether it is supported by an actual showing of criminal activity at the targeted location." *Sanders*, 106 F.4th at 462 (internal quotation marks omitted). "We instead ask whether officers provided direct or

circumstantial support to create more than mere suspicion that contraband will be found at the location in question." *Id.* (internal quotation marks omitted). And "stale information cannot be used in a probable cause determination." *United States v. Perry*, 864 F.3d 412, 414 (6th Cir. 2017) (quotation omitted). When reviewing a warrant for probable cause, we "give great deference" to the issuing judge's determination. *Frechette*, 583 F.3d at 379 (citation omitted).

Considering the search-warrant affidavit as a whole, we agree with the district court that probable cause existed to search Dutton's home. The affidavit stated that Brewer had worked with the CI before, and that the CI's tips had previously led to "felony drug cases and felony drug arrests." R. 93-1, PageID 416. The CI informed Brewer that he/she "ha[d] been on the property of James Dutton within the past 72 hours of the signing of this search warrant and affidavit . . . [and] stated to [Brewer] that he/she ha[d] seen a quantity of methamphetamine in the living area of James Dutton['s] residence." *Id.* at 416–17. Brewer confirmed that the CI "is familiar with the drug methamphetamine and knows what the drug looks like." *Id.* at 417. Those facts provide a "substantial basis for concluding that a search would uncover evidence of wrongdoing." *See Sanders*, 106 F.4th at 461 (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). In fact, we have upheld the denial of a motion to suppress where the search-warrant affidavit indicated that the informant "ha[d] been at the [defendant's] residence within the past five (5) days . . . and ha[d] seen the [defendant] storing and selling cocaine at the . . . address." *United States v. Moore*, 661 F.3d 309, 311–12 (6th Cir. 2011).

Dutton argues that the affidavit indicates only that the CI had been to his residence within the past 72 hours of signing the affidavit but not that the CI had seen methamphetamine within that time frame. Dutton therefore asserts that the information in the affidavit is stale and the CI is not credible, which Dutton believes undercuts the probable cause supporting the warrant.

To support his staleness argument, Dutton parses out the CI's observations as separate events, rather than as a continuous narrative. But "we do not scrutinize a warrant affidavit in a hypertechnical or line-by-line manner." *Sanders*, 106 F.4th at 463 (internal quotation marks omitted). Rather, the affidavit "must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion." *United States v. Ventresca*, 380 U.S. 102, 108 (1965). This is because "search warrant affidavits are normally drafted by nonlawyers in the midst and haste of a criminal investigation." *United States v. Brooks*, 594 F.3d 488, 490 (6th Cir. 2010) (internal quotation marks omitted). Here, the affidavit provides, at a minimum, circumstantial evidence that the CI saw a quantity of methamphetamine in Dutton's living area within the same 72-hour time frame that the CI was on the property. And the fact that the CI's attestation to seeing methamphetamine was not specifically within the 72-hour window is not fatal to establishing probable cause. Thus, the CI's information on when he/she saw the methamphetamine in Dutton's residence was not stale. *See Perry*, 864 F.3d at 414–15 (holding that a search warrant was supported by probable cause even when the affiant "did not specify in his affidavit the dates on which he observed particular [drug] transactions"); *see also United States v. Archibald*, 685 F.3d 553, 558 (6th Cir. 2012) (holding that the evidence creating probable cause for a search warrant was not stale after 72 hours).

Dutton also attacks the CI's credibility. He faults the CI's anonymity and lack of corroborating statements in the affidavit. But our precedent "make[s] it clear that independent corroboration of an informant's story is not necessary to a determination of probable cause" and "that an affidavit can pass muster without stating both that the informant gave his or her name and that the informant provided reliable information in the past." *United States v. McCraven*, 401 F.3d 693, 698 (6th Cir. 2005) (citations omitted). Even so, Brewer attested that the CI provided

information in the past that led to "felony drug cases and felony drug arrests." R. 93-1, PageID 416. So "[a]s long as the issuing judge can conclude independently that the informant is reliable, an affidavit based on the informant's tip will support a finding of probable cause." *McCraven*, 401 F.3d at 697. Under the totality of the circumstances, the magistrate had sufficient information to independently confirm the CI's reliability.

Because the search warrant was supported by probable cause, the district court did not err in denying Dutton's motion to suppress.

## III.

Dutton also challenges the denial of his motion for a *Franks* hearing. "There is . . . a presumption of validity with respect to the affidavit supporting the search warrant." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). "Whether to hold an evidentiary hearing based upon a challenge to the validity of a search warrant's affidavit . . . is committed to the sound discretion of the district court." *United States v. Young*, 847 F.3d 328, 348 (6th Cir. 2017). We "evaluate[] a district court's denial of a *Franks* hearing under the same standard as for the denial of a motion to suppress"—we review legal conclusions de novo and factual findings for clear error. *United States v. Bateman*, 945 F.3d 997, 1007 (6th Cir. 2019) (internal quotation marks omitted).

A *Franks* hearing gives a defendant an opportunity to show that a search-warrant affidavit contains knowing, intentional, or reckless misrepresentations that undermine the finding of probable cause. *Franks*, 438 U.S. at 171. The district court must hold a *Franks* hearing when the defendant "1) makes a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit; and 2) proves that the false statement or material omission is necessary to the probable cause finding in the affidavit." *Young*, 847 F.3d at 348–49 (quotation omitted).

Dutton contends that Brewer intentionally or recklessly included a false statement about the CI observing methamphetamine in Dutton's home within 72 hours of the signing of the search-warrant affidavit. Notwithstanding that we have already concluded the CI's statement was not false under a commonsense reading of the affidavit, Dutton's argument suffers from two flaws. First, the purpose of a *Franks* hearing is to challenge "[t]he deliberate falsity or reckless disregard . . . of the affiant, not of any nongovernmental informant." *Franks*, 438 U.S. at 171. Though Dutton frames his argument as targeting Brewer, the substance attacks the CI's statement. Second, Dutton offers no more than bare conclusory allegations that the CI, and subsequently Brewer, intended to mislead the issuing judge. This is not enough to hold a *Franks* hearing. *See United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990) (noting that the "allegations must be more than conclusory" and must be accompanied by "an offer of proof" and if possible, "supporting affidavits" (citation omitted)); *see also Bateman*, 945 F.3d at 1008.

Dutton failed to make a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit; thus, the district court did not err by denying his motion for a *Franks* hearing.

**IV.**

For these reasons, we **AFFIRM** the district court's judgment.